■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. ALLEN, Appellant. [604 NYS2d 378] —Judgment unanimously affirmed. Memorandum: On appeal from his conviction of coercion in the second degree and three counts each of rape in the first degree and sodomy in the first degree, defendant contends that the court's *Sandoval* ruling was an abuse of discretion, and that the court erred in questioning a prospective juror outside defendant's presence, in excluding certain evidence, and in denying defendant's request to charge the jury on the defense of mistake of fact. None of those contentions has merit.

The events leading to the charges against defendant involved his sexual exploitation of three sisters; the conviction relates only to acts perpetrated against one. Defendant contends that it was inconsistent for the court to deny the People's *Ventimiglia* application seeking to introduce evidence of defendant's sexual misconduct with complainant's two sisters as part of their case-in-chief, yet to permit cross-examination on that misconduct if he were to take the stand. That argument misapprehends the nature of those rulings. Evidence of prior bad acts is generally not admissible on the People's case-in-chief because of the danger that the fact finder may convict a defendant based on his criminal propensities rather than evidence of the crime charged *(see, People v Ventimiglia,* 52 NY2d 350, 359). When a defendant takes the stand, however, he can be cross-examined on prior convictions or bad acts that bear on his credibility. A *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) merely entitles a defendant to advance notice of the scope of that cross-examination. Thus, in any given case, it is likely that the People will be permitted to explore a defendant's past conduct for impeachment purposes, but precluded from introducing evi-

dence of that conduct as part of their direct case. There is no inconsistency in such rulings, nor was there any here. The court's *Sandoval* ruling was an appropriate exercise of discretion.

Defendant also urges that the court's questioning of a prospective juror in the presence of counsel, but outside the presence of defendant, requires reversal. Even if we assume, arguendo, that the questioning was of the type prohibited in *People v Sloan* (79 NY2d 386) as urged by defendant, we conclude that the *Sloan* rule is not to be applied retroactively *(see, People v Hannigan,* 193 AD2d 8).

We have examined defendant's arguments on the court's evidentiary rulings and charge to the jury and find them lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Rape, 1st Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.