■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DORIAN DAUGHTRY, Respondent. [664 NYS2d 306] —Motion by the defendant for reargument of appeals from an order of the Supreme Court, Kings County, dated April 18, 1996, and an amended order of the same court dated May 1, 1996, which were determined by decision and order of this Court dated May 19, 1997.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the unpublished decision and order of this Court dated May 19, 1997, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

Appeals by the People from (1) an order of the Supreme Court, Kings County (Lewis, J.), dated April 18, 1996, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Lagana, J.), rendered July 8, 1991, convicting him of manslaughter in the first degree and reckless endangerment in the first degree, and ordered a new trial, and (2) an amended order of the same court dated May 1, 1996, which dismissed counts one and two of the indictment charging the defendant with murder in the second degree

and ordered a new trial on counts three, four, and five, charging the defendant with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, respectively.

Ordered that the appeal from the order dated April 18, 1996, is dismissed, as that order was superseded by the amended order dated May 1, 1996; and it is further,

Ordered that the amended order dated May 1, 1996, is reversed, on the law and the facts, the order dated April 18, 1996, is vacated, the motion is denied, the judgment of conviction is reinstated, and the matter is remitted to the Supreme Court, Kings County, for determination of that branch of the defendant's CPL 440.10 motion alleging ineffective assistance of counsel, which was not considered.

Following this Court's affirmance of the defendant's judgment of conviction (*People v Daughtry,* 202 AD2d 686), the defendant moved pursuant to CPL 440.10 to vacate the judgment on the grounds that there was an improper ex parte communication with a deliberating juror and that he was denied the right to a public trial. He alleged that after being told by a court officer that the jury felt intimidated by courtroom spectators, the court, in his absence, cleared the courtroom for the remainder of deliberations. After a hearing, the Supreme Court granted the motion. We reverse.

Upon our review of the hearing record, we find that the defendant failed to prove, by a preponderance of the evidence (CPL 440.30 [6]), that an improper ex parte communication took place (*see,* CPL 310.10). Even assuming that a juror told a court officer that the jury was intimidated by courtroom spectators, this conversation did not constitute an improper delegation of a judicial function. By relating the message to the court, the court officer was performing a ministerial act and did not attempt to convey any legal instructions to the jury or to instruct them in their duties and obligations (*see, People v Bonaparte,* 78 NY2d 26; *People v Buxton,* 192 AD2d 289). Contrary to the defendant's contention, the court was not required to return the jurors to the courtroom pursuant to CPL 310.30 since the jury had not requested further instruction or information (*see,* CPL 310.30; *cf., People v Mehmedi,* 69 NY2d 759).

The record further reveals that defense counsel effectively waived the defendant's right to a public trial by consenting to the closure of the courtroom (*see, People v Miller,* 257 NY 54; *People v Brown,* 188 AD2d 540; *People v Peterson,* 186 AD2d 231, *affd* 81 NY2d 824). At the hearing, defense counsel

provided several reasons for consenting to the closure and the prosecutor recalled that, after consulting with the defendant, counsel agreed to the proposed closure with the proviso that the defendant's mother be permitted to remain.

Under these circumstances, it was error for the hearing court to vacate the defendant's judgment of conviction and order a new trial. Accordingly, the judgment of conviction is reinstated.

Upon erroneously concluding that a new trial was necessary on the grounds of improper ex parte communications and closure of the courtroom, the hearing court explicitly stated that it was not going to decide the remaining branch of the defendant's CPL 440.10 motion alleging ineffective assistance of counsel. In light of the resolution of these appeals in the People's favor, the matter is remitted to the Supreme Court, Kings County, for a determination of this remaining claim. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.