TAYLOR, J.
Appellant was convicted by jury and sentenced for a lewd, lascivious or indecent act on a child. We affirm on all issues raised in this appeal but write to discuss appellant’s contention that his right to a public trial was violated when his mother was removed from the courtroom during the testimony of the minor victims.
Section 918.16 (1), Florida Statutes (1999), authorizes closure of the courtroom while a minor victim testifies concerning a sex offense. The statute, however, exempts the parties and their immediate families, among others, from exclusion from the courtroom. Appellant argues that the trial court’s exclusion of his mother constituted fundamental error and is renewable without objection at trial. In urging reversal for a new trial, appellant relies on Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999). We distinguish Williams and affirm.
In Williams, when the trial court advised counsel that it would have to clear the courtroom to make room for potential jurors during voir dire in the murder trial, the defendant requested that his family be allowed to remain. The court said it could not accommodate his family members and denied his request. Even though Williams did not thereafter raise a formal objection, we held that the deprivation of his Sixth Amendment right to public trial was reviewable on appeal as plain or fundamental error.
We also noted in Williams that a fundamental constitutional right, such as the right to a public trial, can be waived when the defendant so chooses, so long as the waiver is voluntary, knowing, and intelligent. Id. at 704. Here, when the trial judge announced that the courtroom would be closed during the minor victim’s testimony and that appellant’s mother was not entitled to stay, defense counsel stated that he was not requesting that she be allowed to remain. He thus consented to the mother’s removal from the courtroom and effectively waived appellant’s right to a public trial. See People v. Daughtry, 242 A.D.2d 731, 664 N.Y.S.2d 306, 308 (N.Y.App.Div.1997)(defense counsel effectively waived the defendant’s right to a public trial by consenting to closure of the courtroom).
Williams does not require that the right to a public trial, like other fundamental rights such as the right to counsel and the right to a jury trial, be waived expressly and personally by the defendant on the record. See People v. Bradford, 14 Cal.4th 1005, 60 Cal.Rptr.2d 225, 929 P.2d 544, 570, cert. denied, 522 U.S. 953, 118 S.Ct. 377, 139 L.Ed.2d 293 (1997)(no personal waiver by defendant is expressly required to waive the right to a public criminal trial). A defense counsel’s affirmative representation to the court that the defendant consents to excluding persons otherwise entitled to be present in the courtroom is *1083 sufficient to effectively waive the defendant’s right to a public trial.
Accordingly, we affirm appellant’s judgment of conviction and sentence.
AFFIRMED.
WARNER, C.J., and POLEN, J„ concur.