■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO VASQUEZ, Appellant. [770 NYS2d 116]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Kron, J.), rendered February 14, 2001, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in permitting a police officer to testify that the defendant admitted ownership of the store in which a bag containing heroin was discovered during the execution of a search warrant. However, the defendant's contention is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]; *People v Lee,* 207 AD2d 415 [1994]). In any event, the claim is without merit. The officer's simple inquiry, which resulted in the defendant's statement, was justified to permit the officer to clarify the nature of the situation with which he was confronted, and was not designed to elicit inculpatory statements from the defendant. Accordingly, it did not constitute a custodial interrogation for which administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) was required, and the Supreme Court properly permitted the testimony (*see People v Clark,* 172 AD2d 679 [1991]).

The court officer's relating of messages between the Supreme Court and the jury fell within the scope of the court officer's authority to speak to the jurors in connection with his ministerial duties. The court officer did not attempt to convey any legal instructions to the jury or to instruct the jurors on their duties and obligations. Accordingly, there was no improper delegation of judicial authority and the defendant's presence was not required when the court officer spoke to the jury (*see People v Daughtry,* 242 AD2d 731 [1997]; *People v Bonaparte,* 78 NY2d 26 [1991]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Gray, supra*; *People v Bardales,* 300 AD2d 596 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.