## COMMONWEALTH *vs.* MATTHEW G. LAVOIE.

Middlesex. September 5, 2012. - January 11, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Constitutional Law,* Public trial, Jury, Waiver of constitutional rights, Assistance of counsel. *Practice, Criminal,* Public trial, Empanelment of jury, Waiver, Assistance of counsel. *Jury and Jurors. Waiver.*

This court concluded that counsel may waive, with or without a criminal defendant's express consent, the right to a public trial during jury selection where the waiver is a tactical decision as part of counsel's trial strategy [86-89]; further, here, counsel's waiver of a defendant's right to a public trial during jury selection by failing to object to a court room closure did not constitute ineffective assistance, where it was a tactical decision that was not manifestly unreasonable when made, in that counsel provided a clear explanation of his practice of not objecting to the exclusion of family members or supporters of his clients in the court room during jury selection, including his concerns regarding family members sitting near potential jurors, the court officers' responsibilities, and the risk that family members could be a distraction [89-91].

INDICTMENTS found and returned in the Superior Court Department on May 31, 2001.

A motion for a new trial, filed on December 31, 2007, was heard by *Kenneth J. Fishman,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Hallie White Speight,* Assistant District Attorney, for the Commonwealth.

*Leslie W. O'Brien* for the defendant.

The following submitted briefs for amici curiae:

*Edmund D. LaChance, Jr.,* pro se.

*Richard C. Felton,* pro se.

*Timothy J. Cruz,* District Attorney, *& Mary Lee,* Assistant District Attorney, for District Attorney for the Plymouth District.

*Donald A. Harwood* for Committee for Public Counsel Services.

IRELAND, C.J. We granted the Commonwealth's application for further appellate review to consider whether a Superior Court judge properly denied the defendant's motion for a new trial, in which he claimed that his right to a public trial was violated when his counsel failed to object to the exclusion of family members from the court room during jury selection. The Appeals Court concluded that the defendant's right to a public trial was violated, reversed the denial of the defendant's motion, and vacated the judgment. *Commonwealth* v. *Lavoie*, 80 Mass. App. Ct. 546, 547 (2011). Because we conclude that counsel may waive a defendant's right to a public trial during jury selection without express consent and, in the circumstances here, that counsel's decision was a reasonable tactical decision, we affirm the denial of the defendant's motion for a new trial.

*Facts and procedure.* In 2003, the defendant was convicted of murder in the second degree, and the Appeals Court affirmed the conviction in an unpublished memorandum and order issued pursuant to its rule 1:28. *Commonwealth* v. *Lavoie*, 67 Mass. App. Ct. 1114 (2006).

In 2007, in light of a decision by a Federal court, the defendant moved for a new trial, arguing that his right to a public trial under the Sixth and Fourteenth Amendments to the United States Constitution was violated when court officers excluded his family from the court room during jury selection and his counsel failed to object.[1] The trial judge conducted an evidentiary hearing on the defendant's motion on August 28 and September 11, 2008. In his written findings of fact, rulings of law, and order, the judge found the following facts.

Jury selection for the 2003 trial was conducted in court room 12B in the Cambridge court house of the Middlesex division of the Superior Court Department. On the first day of jury selection, the defendant, who had requested an individual voir dire of prospective jurors, waived his right to be present at sidebar where voir dire was conducted. Before the venire were brought

---

[1]The record is not clear, but the case was either *Owens* v. *United States*, 483 F.3d 48, 66 (1st Cir. 2007) (trial judge abused discretion in not holding evidentiary hearing concerning possible court room closure), or *Owens* v. *United States*, 517 F. Supp. 2d 570, 577 (D. Mass. 2007) (on remand, motion for new trial granted where counsel ineffective for failing, inter alia, to object to court room closure).

in, court officers instructed the defendant's father, mother, and sister to leave the court room. The judge was not aware that this had happened. It appears that court officers in the Cambridge court house cleared the public from court rooms during jury selection in situations where the size of the venire would leave insufficient room for family members to sit separately from the potential jurors. The defendant knew that his relatives were leaving the court room; he was a "little upset" but did not discuss the issue with his attorney. The family had a "very good" relationship with the court officers, who "updated them about how the process was proceeding." Jury selection lasted two days.[2]

At the motion hearing, defense counsel testified to his reasons for not objecting, which the judge implicitly credited. Defense counsel stated that it was not his usual practice to object when court officers cleared the court for jury selection because he was aware that space was often insufficient, and he did not want to interfere with "court officers who he perceived engaged in a difficult job" or to have family members sitting near potential jurors. Defense counsel also expressed his belief that family members could present a distraction and, specific to this case, stated his concern that the defendant's mother "was an emotional individual [who would] be a distraction." Although defense counsel had no specific recollection of court officers excluding the defendant's family during jury selection and did not discuss this issue with the defendant, "he had consciously decided prior to this trial not to object to the removal of family members or supporters during the jury selection process in courtroom 12B."

The judge determined that the court officers' exclusion of the defendant's family, where the jury venire was so large as to "occup[y] the entirety of the public seating area of the courtroom," constituted structural error. The judge stated that even though he conducted the "vast majority of the [jury selection] process outside the public's hearing" (i.e., through individual voir dire), the two-day closure of the court room violated the

---

[2]Jury selection took place on a Thursday and the following Monday. On the intervening Friday, the judge heard argument on a motion by the Commonwealth. Family members were present during the hearing. At no time were any members of the family disruptive when they were in the court room.

defendant's Sixth Amendment rights, which were not waived.[3] The judge also noted that, in accordance with *Owens* v. *United States*, 483 F.3d 48 (1st Cir. 2007), he would have allowed family members in the court room "once prospective jurors began to leave" and the need for the exclusion "dissipated."

However, the judge also reasoned that because the defendant had not raised any issue concerning the denial of his right to a public trial until this new trial motion, the issue to be decided was whether justice had been done. See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The judge concluded that there was no miscarriage of justice because closing court room 12B during jury selection did not materially impact the case or verdict and that defense counsel's failure to object to the closure was a reasonable tactical decision.[4] He denied the defendant's motion for a new trial. The defendant appealed. A divided Appeals Court concluded that the defendant's right to a public trial had been violated. *Commonwealth* v. *Lavoie, supra* at 547.

*Discussion.* A defendant has a constitutional right to a public trial, which includes the jury selection process. *Commonwealth* v. *Cohen (No. 1)*, 456 Mass. 94, 106 (2010), citing *Presley* v. *Georgia*, 558 U.S. 209, 211-212 (2010) (right to public trial granted by First and Sixth Amendments to United States Constitution). The right to an open court in criminal proceedings is "an effective restraint on possible abuse of judicial power," *In re Oliver*, 333 U.S. 257, 270 (1948), which functions for "the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned." *Waller* v. *Georgia*, 467 U.S. 39, 46 (1984).

Conducting jury selection in open court permits members of the public to observe trial proceedings and promotes fairness in the judicial system. *Commonwealth* v. *Cohen (No. 1), supra* at 106, citing *Press-Enterprise Co.* v. *Superior Court*, 464 U.S. 501, 508 (1984). However, the right to a public trial is not absolute; a judge may permit closure of a court room if the

---

[3]The judge found that "the public was explicitly denied access to the courtroom during the entirety of the jury selection process."

[4]The judge stated that defense counsel also had accounted for every other strategic decision he made, such as routinely informing defendants of their right to be present at sidebar, and the potential negative impact of such decisions.

closure satisfies the necessary requirements. *Waller* v. *Georgia,
supra* at 44-45, citing *Globe Newspaper Co.* v. *Superior Court,*
457 U.S. 596 (1982).[5]

The parties do not dispute the judge's findings that court
room 12B of the Superior Court was closed for two days during
jury selection,[6] or his determination that defense counsel's lack
of objection during jury selection was a tactical decision.[7]
Instead, they argue whether counsel effectively waived the
defendant's right to a public trial.[8]

As the United States Supreme Court has noted, "[f]or certain
fundamental rights, the defendant must personally make an
informed waiver. For other rights, however, waiver may be ef-
fected by action of counsel." (Citations omitted.) *Gonzalez* v.
*United States,* 553 U.S. 242, 248 (2008), quoting *New York* v.
*Hill,* 528 U.S. 110, 113-114 (2000). A requirement of the defend-
ant's express personal and knowing waiver preserves the basic
rights of the accused and raises considerations of the trial process,
such as counsel's "full authority to manage the conduct of the

---

[5]To satisfy the four-part test concerning court room closure set forth in
*Waller* v. *Georgia,* 467 U.S. 39, 48 (1984), "[1] the party seeking to close the
hearing must advance an overriding interest that is likely to be prejudiced, [2]
the closure must be no broader than necessary to protect that interest, [3] the
trial court must consider reasonable alternatives to closing the proceeding, and
[4] it must make findings adequate to support the closure." *Commonwealth* v.
*Cohen (No. 1),* 456 Mass. 94, 107 (2010), quoting *Commonwealth* v. *Martin,*
417 Mass. 187, 194 (1994).

[6]Where a judge has not determined closure necessary, excluding family
members from jury selection constitutes, at minimum, partial closure of the
court room. *Commonwealth* v. *Martin, supra* at 195 (proceedings typically
"may not be closed to the family and close friends of the defendant"). See,
e.g., *Owens* v. *United States,* 517 F. Supp. 2d at 574-575 (family members'
exclusion from court room during jury selection constituted closure).

[7]The defendant claims defense counsel's decision was, however, "thinly
reasoned."

[8]There are two types of waiver: procedural waiver of a claim, and waiver of
a right. A procedural waiver occurs "when a litigant fails to raise at trial or on
appeal a claim that he could have raised." *Commonwealth* v. *Edward,* 75
Mass. App. Ct. 162, 165 (2009). A waiver of a right "involves the intentional
relinquishment of a known right, or such conduct as warrants an inference of
the relinquishment of such right." Black's Law Dictionary 1580 (6th ed.
1990). See *Commonwealth* v. *Alphas,* 430 Mass. 8, 22 n.1 (1999) (Greaney, J.,
concurring). The parties' first argument concerns waiver of a right. The
defendant argues ineffective assistance of counsel, discussed *infra,* because he
asserts that his counsel's failure to object waived a claim.

trial." *Taylor* v. *Illinois*, 484 U.S. 400, 418 (1988). See *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (trial court has latitude to balance Sixth Amendment right to counsel with needs of fairness and efficiency of trial process). Counsel is best equipped to make "[n]umerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance." *Gonzalez* v. *United States*, *supra* at 249. These choices, which depend "upon tactical considerations of the moment and the larger strategic plan for the trial," promote a fair trial process. *Id.* (where counsel gives express consent, magistrate judge may preside over jury selection process in felony criminal trial).

The defendant argues that the judge was correct to conclude that the defendant had not waived his right to a public trial because "there was no explicit waiver by the defendant or his attorney, and . . . defense counsel could not waive his client's rights without ever discussing the issue of his right to a public trial with him." The defendant further states that a waiver of this right could not have occurred where he did not know he had such a right or understand that his counsel made a decision concerning that right. The Commonwealth argues that counsel may waive the defendant's right to a public trial without the defendant's personal consent, and asserts that where a defendant has waived a right, no constitutional violation has occurred.

Although the Appeals Court has stated that the right to a public trial can be waived only with a defendant's consent, this is a question of first impression in this court.[9] Previously, we have concluded that the right to a public trial may be waived "through [the defendant's] actions or the actions of his counsel." *Commonwealth* v. *Williams*, 379 Mass. 874, 876 (1980) (case remanded to determine whether defendant waived right to public trial). See *Commonwealth* v. *Dyer*, 460 Mass. 728, 736 (2011), cert. denied, 132 S. Ct. 2693 (2012) (right may be waived without formal colloquy); *Commonwealth* v. *Horton*, 434 Mass. 823, 831 (2001). We now conclude that counsel may waive, with or without the defendant's express consent, the right to a public

[9]See, e.g., *Commonwealth* v. *Lavoie*, 80 Mass. App. Ct. 546, 556 n.12 (2011) ("right of public trial . . . can be waived only with the defendant's personal, knowing assent"); *Commonwealth* v. *Edward*, *supra* at 173 & n.13.

trial during jury selection where the waiver is a tactical decision as part of counsel's trial strategy.[10]

Here, the defendant, through his counsel, waived his right to a public trial during jury selection. This tactical decision is in defense counsel's purview to manage the conduct of the trial. See *Gonzalez* v. *United States, supra* at 249-250; *Taylor* v. *Illinois, supra* at 418 ("The adversary process could not function effectively if every tactical decision required client approval"). The issue is whether that waiver constituted ineffective assistance.

The standard of review for unpreserved errors in noncapital murder cases is whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).[11] "[W]hen the claim of ineffectiveness is predicated . . . on counsel's failure to object to something that occurred at trial," *Commonwealth* v. *Azar*, 435 Mass. 675, 686 (2002), we use the ineffectiveness of counsel standard set forth in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), because, "whether we view the unpreserved claim of error . . . [by] utilizing the substantial risk of a miscarriage of justice standard, or . . . by focusing on counsel's ineffectiveness in failing to object to the error, our approach is essentially the same, and . . . the result would be the same." *Commonwealth* v. *Azar, supra* at 686-687.

Counsel is ineffective where his conduct falls "below that which might be expected from an ordinary fallible lawyer" and prejudices the defendant by depriving him "of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian, supra.* We look to the reasonableness of the decision

---

[10]Other jurisdictions have also concluded that counsel may waive a defendant's right to public trial during jury selection without the defendant's express consent. See, e.g., *Berkuta* v. *State*, 788 So. 2d 1081, 1082 (Fla. Dist. Ct. App. 2001) (defense counsel effectively waived defendant's right to public trial by consenting to court room closure); *People* v. *Vaughn*, 491 Mich. 642, 658 (2012) (right to public trial during jury selection is not within limited class of constitutional rights that require a waiver to be personal and knowing).

[11]*Commonwealth* v. *Cohen (No. 1)*, 456 Mass. 94, 118 (2010), is factually distinct from this case in at least one important respect: Cohen's defense counsel objected to the court room closure at his trial. Because closure of the court room was an objected-to structural error, it was "not susceptible to harmless error analysis," and the defendant was granted a new trial. *Id.* at 105, quoting *Commonwealth* v. *Baran*, 74 Mass. App. Ct. 256, 296 (2009).

at the time it was made. *Commonwealth* v. *Burgos*, 462 Mass. 53, 70, cert. denied, 133 S. Ct. 796 (2012).

The defendant agrees that the standard for ineffective counsel set forth in *Commonwealth* v. *Saferian, supra*, applies. However, he asserts, in essence, that he is entitled to a new trial because the denial of his right to a public trial was structural error, and he claims that the United States Court of Appeals for the First Circuit held that "a defendant who is seeking to excuse a procedurally defaulted claim of structural error need not establish actual prejudice." See *Owens* v. *United States*, 483 F.3d 48, 64 (1st Cir. 2007).

The defendant confuses the nature of the prejudice discussed in the *Owens* case. In that case, the issue of court room closure also was not objected to at trial or raised in the defendant's direct appeal, but raised in a motion for postconviction relief. However, the procedural similarity between that case and the one here ends at this point.

In the *Owens* case, the trial judge would not conduct an evidentiary hearing on Owens's ineffective assistance of counsel claim because Owens did not satisfy the test for procedural default, where a defendant must show cause and actual prejudice. *Id.* at 61. See *Owens* v. *United States*, 236 F. Supp. 2d 122, 132 (D. Mass. 2002). On appeal, the court held that, because court room closure was a structural error, it would presume prejudice within the test for procedural default and remand for an evidentiary hearing on ineffective assistance of counsel. *Owens* v. *United States*, 483 F.3d at 64. The procedural posture in this case is that while the defendant did not waive his right to a public trial, he already has had an evidentiary hearing, the result of which he now appeals. Here, the record supports the judge's finding that defense counsel provided a clear explanation of his practice of not objecting to the exclusion of family members or supporters of his clients in the court room during jury selection, including his concerns regarding family members sitting near potential jurors, the court officers' responsibilities, and the risk that family members could be a distraction. Moreover, he made a specific decision not to object at the defendant's trial.[12]

---

[12]See *Commonwealth* v. *Dyer*, 460 Mass. 728, 737 (2011), cert. denied, 132 S. Ct. 2693 (2012) (new trial denied where facts of jury selection did not sug-

Given these facts, we agree with the judge that defense counsel's tactical decision not to object to the court room closure in the Superior Court was not manifestly unreasonable when made and, thus, the defendant was not deprived of effective assistance of counsel.[13]

*Order denying motion for a new*
*trial affirmed.*

.

---

gest "a substantial likelihood a miscarriage of justice occurred"); *Horton* v. *Allen*, 370 F.3d 75, 82-83 (1st Cir. 2004), cert. denied, 543 U.S. 1093 (2005) (no ineffective assistance of counsel where defense counsel's agreement to closed jury selection was objectively reasonable strategy). Cf. *Commonwealth* v. *Baran, supra* at 293-294 (new trial affirmed where defense counsel's unreasonable strategic choices, including not protecting the defendant's public trial right, resulted in "cascading and pervasive error").

[13]Because defense counsel's conduct does not fall below that of an ordinary, fallible lawyer, we need not reach the second part of the test for ineffective assistance of counsel, i.e., whether his conduct prejudiced the defendant by depriving him "of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).