██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN WHEELINGS, Appellant. [28 NYS3d 435]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 27, 2012, convicting him of criminal sexual act in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his right to be present during a critical stage of trial was not violated when, in his absence and the absence of counsel, the Supreme Court held a brief colloquy with a juror regarding that juror's continued availability to deliberate. While a defendant has a statutory right to be present when the jury is given instructions or information by the court (*see* CPL 310.30; *People v Mehmedi*, 69 NY2d 759, 760 [1987]), not every communication with a deliberating jury requires the presence of the defendant (*see People v Bonaparte*, 78 NY2d 26, 30 [1991]). Here, the court gave no instructions or information pertinent to the case which would have required the defendant's presence. The inquiry was purely ministerial and wholly unrelated to the substantive legal and factual issues of the trial (*see People v Hameed*, 88 NY2d 232, 241 [1996]). Therefore, the challenged discussion bore no substantial relationship to the defendant's opportunity to defend against the charges, and it did not violate his right to be present (*see id.* at 241; *People v Bonaparte*, 78 NY2d at 30; *People v Harris*, 76 NY2d 810, 812 [1990]). In addition, a court officer's relaying of messages between the court and the juror fell within the scope of the court officer's authority to speak to jurors in connection with the officer's administerial duties. The court officer did not convey any legal instructions to the juror

or instruct the juror on her duties and obligations. Accordingly, there was no improper delegation of judicial authority, and the defendant's presence was not required when the court officer spoke to the juror (*see People v Bonaparte*, 78 NY2d at 30-31; *People v Vasquez*, 2 AD3d 759, 760 [2003]; *People v Daughtry*, 242 AD2d 731, 732 [1997]).

The defendant's contention that the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) deprived him of his constitutional right to a fair trial is unpreserved for appellate review, as he did not raise any constitutional challenge to the *Sandoval* ruling before the trial court (*see* CPL 470.05 [2]; *People v Grant*, 7 NY3d 421, 424 [2006]; *People v Fitzgerald*, 84 AD3d 1397, 1398 [2011]; *People v Diaz*, 50 AD3d 919, 919 [2008]). The defendant's further contention that the court abused its discretion in its *Sandoval* ruling is without merit. " '[T]he extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court' " (*People v Murad*, 55 AD3d 754, 755 [2008], quoting *People v Carrasquillo*, 204 AD2d 735, 735 [1994]; *see People v Bennette*, 56 NY2d 142, 146 [1982]). Here, the trial court's *Sandoval* ruling, permitting the prosecution to engage in a limited inquiry regarding whether the defendant had entered a guilty plea in 2008 to the misdemeanor of sexual misconduct only if the defendant asserted that the sexual acts in the present case were consensual, represented a provident exercise of the court's discretion (*see generally People v Sandoval*, 34 NY2d 371 [1974]; *People v Allen*, 198 AD2d 789 [1993], *affd* 84 NY2d 982 [1994]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.