The defendant, Peter DeGennaro, appeals from an order denying his motion for new trial. The defendant argues that he received ineffective assistance of counsel from his appellate attorney in his direct appeal, Commonwealth v. DeGennaro, 84 Mass. App. Ct. 420 (2013) (DeGennaro I ). The defendant specifically contends that his attorney failed to argue that applying a "novel construction" of the fiduciary embezzlement statute, G. L. c. 266, § 57, to the defendant would be an ex post facto application of the criminal statute, thereby violating the defendant's due process rights. We affirm.
The defendant was convicted of violating G. L. c. 266, § 57, the fiduciary embezzlement statute. This court affirmed the defendant's convictions in DeGennaro I. The Supreme Judicial Court denied the defendant's application for further appellate review. Commonwealth v. DeGennaro, 466 Mass. 1111 (2013).
A judge may grant a new trial "at any time if it appears that justice may not have been done." Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). We review a judge's ruling on a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). In order to establish a claim for ineffective assistance of counsel, the defendant must show that counsel's conduct fell "below that which might be expected from an ordinary fallible lawyer" and prejudiced the defendant by "depriving him 'of an otherwise available, substantial ground of defence.' " Commonwealth v. Lavoie, 464 Mass. 83, 89 (2013), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The defendant argues that his attorney was ineffective because she failed to assert the argument articulated in Bouie v. Columbia, 378 U.S. 347 (1964), that is, retroactive application of a court's "novel construction" of a criminal statute to a defendant is a violation of due process. We agree with the motion judge that the defendant's Bouie argument "would not have altered the outcome."
While our interpretation of the fiduciary embezzlement statute in DeGennaro I was the first time that this court applied the statute to a contractual escrow agent, such an application was not "unexpected and indefensible." Id. at 354 (quotations omitted). As discussed in DeGennaro I, the fiduciary embezzlement statute was interpreted based on the "plain and ordinary meaning of its words." DeGennaro I, 84 Mass. App. Ct. at 428, quoting from Commonwealth v. Truong, 78 Mass. App. Ct. 28, 31 (2010). This court stated that the
"[o]rdinary, reasonable usage of the concept and term of an escrow agent in a contract refers to a trusted stakeholder of money, property, or other elements of value for the later benefit of interested parties. Decisional law, legal dictionaries, and general dictionaries describe the trusted character of the escrow officer. [Footnotes omitted.] One of the layperson's most common contacts with, and understanding of, the escrow function develops, as here, in the agreement for the purchase of a home. In short, [the defendant] occupied a position of trust created by a written instrument well within the meaning of the fiduciary embezzlement statute."
DeGennaro I, supra at 428-429 (emphasis supplied).
The defendant fails to provide us with any persuasive argument that the fiduciary embezzlement statute did not provide him with "fair warning of the conduct that [the statute] makes a crime." Bouie, supra at 350. Our interpretation in DeGennaro I was merely "an 'evolutionary restatement' of the rule rather than a substantively new rule." Commonwealth v. Golston, 373 Mass. 249, 254 (1977), cert. denied, 434 U.S. 1039 (1978). Such interpretation was based on the plain language of the statute, the "[o]rdinary, reasonable usage of the concept and term of an escrow agent," and a "layperson's most common ... understanding of[ ] the escrow function." DeGennaro I, 84 Mass. App. Ct. at 428-429. We would be hard pressed to find that such an analysis was "unexpected and indefensible." Bouie, 378 U.S. at 354. Thus, asserting a Bouie argument would not have afforded the defendant with "an otherwise available, substantial ground of defence." Saferian, 366 Mass. at 96.
We therefore conclude that the motion judge did not abuse his discretion in denying the defendant's motion for a new trial.
Order denying motion for new trial affirmed.