Following a jury trial in the Cambridge Division of the District Court Department, the defendant, Parveen Kapoor, was found guilty of operating a motor vehicle while under the influence of alcohol, in violation of G. L. c. 90, § 24(1)(a )(1). His appeal arises from the denial of his motion for new trial. The defendant maintains two arguments on appeal: (1) the prosecutor's closing argument at trial misstated the law regarding "operation"; and (2) the defendant was provided ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's closing argument. We affirm.
Discussion. a. Prosecutor's closing argument. We determine whether a prosecutor's statements made during closing argument require a new trial by considering (i) whether the defendant objected to the argument; (ii) whether the error concerned collateral issues or went to the heart of the case; (iii) whether the judge's instruction would have mitigated the mistake; and (iv) whether the error could have made a difference in the jury's conclusions. See Commonwealth v. Kozec, 399 Mass. 514, 518 (1987). Because the defendant did not object to the prosecutor's closing argument at trial, our review is limited to whether an error created a substantial risk of a miscarriage of justice. See Commonwealth v. Cavallaro, 25 Mass. App. Ct. 605, 610 (1988). In considering the law, the evidence presented at trial, and the challenged statement on appeal, we conclude that no such risk is present.
The challenged portion of the prosecutor's closing argument is as follows:
"This is someone behind the wheel of a running motor vehicle. Even by his own testimony he says that he would have had to open the door-so manipulate the handle-open the door to get inside. Close the door again where he is sitting behind a running motor vehicle. That right there is operation under the law. That right there shows that I meet my burden and that the defendant should be found guilty."
Error (if any) in the prosecutor's statement regarding operation did not rise to the level of a substantial risk. Not only did the judge instruct the jury after closing arguments that they "must apply the law as [the judge] give[s] it to [them], to the facts as [they] determine them to be, in order to decide whether the Commonwealth has proved the defendant guilty of the charge," the judge additionally provided the jury with the usual caveat that "closing arguments of the attorneys are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contention of the parties." Moreover, the judge provided the jury, after closing arguments, with the appropriate law regarding operation:
"A person operates a motor vehicle not only while doing all of the well-known things that drivers do as they travel on the street or highway, but also when doing any act which directly tends to set the vehicle in motion. The law is that a person is operating a motor vehicle whenever he is in the vehicle and intentionally manipulates some mechanical or electrical part of the vehicle, like the gear shift or the ignition, which alone or in sequence will set the vehicle in motion."
As a reviewing court, we presume "[a] certain measure of jury sophistication," Commonwealth v. Kozec, supra at 517, and that the jury will follow the judge's instructions. Commonwealth v. Pope, 406 Mass. 581, 588 (1990). Nothing in the record here indicates that the jury did not follow the judge's instructions. After review of the evidence presented at trial, the jury could have rationally found that the defendant operated the vehicle in violation of G. L. c. 90, § 24(1)(a )(1). Sufficient evidence, including testimony from Alexandra O'Neill and Belmont police Officer Michael Pelrine, was presented to the jury at trial. Alexandra O'Neill testified that she observed the defendant open the driver's side door, get into the vehicle alone, start the engine, pull away from the curb, and then stop the vehicle after driving a few feet and fall asleep behind the wheel. Officer Pelrine testified that he observed the defendant in the driver's seat of a parked vehicle with the vehicle's engine running and headlights on. Such evidence was sufficient to support the jury's finding that the defendant operated the vehicle. See Commonwealth v. Plowman, 28 Mass. App. Ct. 230, 234 (1990) (While "evidence that an intoxicated person was observed sleeping in the driver's seat of a parked vehicle, with keys in the ignition and the engine running, by itself, does not mandate a finding of 'operation' under G. L. c. 90, § 24" [emphasis supplied; other emphasis omitted], such evidence is sufficient to support such a finding when viewed in the light most favorable to the Commonwealth).
b. Ineffective assistance of counsel. The defendant next argues that he received ineffective assistance because his trial counsel failed to object to the prosecutor's closing argument. A defendant asserting a claim for ineffective assistance of counsel must show that his counsel's conduct fell " 'below that which might be expected from an ordinary fallible lawyer' and prejudices the defendant by depriving him 'of an otherwise available, substantial ground of defence.' " Commonwealth v. Lavoie, 464 Mass. 83, 89 (2013), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Because we have concluded that the prosecutor's closing argument regarding the meaning of operation did not cause a substantial risk of a miscarriage of justice, it also follows that the defendant is unable to show that it "likely deprived the defendant of an otherwise available, substantial ground of defence." Saferian, supra. See Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994) ("[I]f an omission of counsel does not present a substantial risk of a miscarriage of justice in a situation such as this, there is no basis for an ineffective assistance of counsel claim under either the Federal or the State Constitutions").[2]
Order denying motion for new trial affirmed.

To the extent that we have not specifically addressed other points made by the defendant, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).