Following a jury-waived trial in the District Court, the defendant, David S. Durling, was found guilty of operating a motor vehicle while under the influence of intoxicating liquor, fourth offense, in violation of G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24(2)(a ).[2] He appeals from his convictions and from the denial of his motion for new trial based on ineffective assistance of counsel. The defendant maintains that the judge failed to apply the correct legal standard in determining whether the defendant was deprived of an otherwise available, substantial ground of defense. We affirm.
Background. Hearing on motion for new trial. The motion judge, who was also the trial judge, held an evidentiary hearing on April 12, 2017. Attorney Peter Russell[3] testified that, in June, 2014, the Commonwealth provided him with discovery materials, including the booking sheet, police report, witness statement, 911 tape, and the booking video. The pretrial conference report, which Attorney Russell signed, states that the Commonwealth turned over all discovery materials as required under Mass.R.Crim.P. 14, as appearing in 442 Mass. 1518 (2004). In September, 2014, the defendant obtained new counsel, Attorney Nicolas Gordon. Attorney Russell called Attorney Gordon and asked if he wanted a copy of the discovery materials mailed to him, to which Attorney Gordon responded, "Oh, thanks, but no thanks, I'll get it myself." The defendant provided Attorney Gordon with the police report and the complaint. Attorney Gordon did not seek any additional discovery materials from the defendant, and failed to make any effort to obtain discovery materials from the Commonwealth or anyone else.
Attorney Gordon testified that not seeking discovery materials from the Commonwealth was a trial tactic because he thought he would be able to get the booking video excluded if it was not provided to him. He stated that he believed this would be the "best case scenario" for the defendant, and that such tactic had been successful in some of his previous cases. Attorney Gordon also testified that the "second best scenario" would be that the booking video was not excluded but that the judge would "permit [him] to view it prior to it being played during trial so [he] could analyze it, digest it, [and] think about how to deal with any salient issues that appeared in the video." He also stated that he "anticipated that if [the video were not excluded, he would] see it a second time during trial, just to have another full opportunity to sit and view it and digest it again."
After the evidentiary hearing, the judge denied the defendant's motion for new trial. The judge concluded that "while [Attorney Gordon's] decision not to seek production of the defendant's booking video was not sound strategy under the circumstances, ... [such strategy] did not deprive the defendant of a 'substantial ground of defence.' " On appeal the defendant challenges the judge's ultimate conclusion. The defendant agrees with the judge that Attorney Gordon's performance fell below that of an ordinary, fallible attorney because he failed to obtain and review discovery materials, but maintains that the judge erred in determining that review of such materials prior to trial would not have provided Attorney Gordon with additional avenues of defense.
Discussion. "We review a judge's denial of a motion for a new trial for 'a significant error of law or other abuse of discretion,' granting 'special deference to the rulings of a motion judge who was also the trial judge.' " Commonwealth v. Alcide, 472 Mass. 150, 158 (2015), quoting from Commonwealth v. Forte, 469 Mass. 469, 488 (2014). A defendant asserting a claim of ineffective assistance of counsel must show that his counsel's conduct fell " 'below that which might be expected from an ordinary fallible lawyer' and prejudice[d] the defendant by depriving him 'of an otherwise available, substantial ground of defence.' " Commonwealth v. Lavoie, 464 Mass. 83, 89 (2013), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Where, as here, the claim is that defense counsel committed a tactical error, the defendant must demonstrate that defense counsel's tactical judgment was manifestly unreasonable." Commonwealth v. Hudson, 446 Mass. 709, 715 (2006), quoting from Commonwealth v. Finstein, 426 Mass. 200, 203 (1997).
Here, we agree with the judge that Attorney Gordon's tactical decision was not sound strategy under the circumstances; however, this does not necessarily satisfy the first prong of Saferian. Nonetheless, we emphasize that Attorney Gordon's decision to not alert the court or the Commonwealth that he not only declined Attorney Russell's offer to send him the discovery materials but that he was also waiting on the Commonwealth to send him the discovery materials was an unethical tactic. Contriving a cat-and-mouse game with the Commonwealth in hopes of reaching a "gotcha" moment once trial commenced does not meet the ordinary expectations we hold for an officer of the court, and counsel should have anticipated that the trial judge would not reward such chicanery. See Commonwealth v. Frith, 458 Mass. 434, 444-445 (2010) ("While the failure to comply with [ Mass.R.Crim.P. 14 ] rests squarely on the shoulders of the Commonwealth," defense counsel's "game of 'gotcha' with respect to the unproduced police report," which counsel knew existed and did not alert the court or the Commonwealth prior to trial that a copy had not been disclosed to him, "fell far short of exemplary").
We also see no abuse of discretion with regards to the judge's determination that while Attorney Gordon's conduct was "not sound strategy[,] ... it did not deprive the defendant of a 'substantial ground of defence.' Saferian, 366 Mass. at 96." The defendant asserts that had Attorney Gordon obtained and reviewed the discovery materials prior to trial, he would have: (1) explored whether the police officer misheard the defendant saying "he's had a few" for "we've had a few," and utilized such argument with the fact that the defendant denied consuming alcohol at his booking; and (2) investigated whether the medication the defendant admitted to taking mimicked the effects of alcohol. The motion judge found, and we agree, that arguing that the defendant denied consuming alcohol stands in direct "counterpoint to the arresting officer's observation of 'an overwhelming odor of alcoholic beverage' emanating from the defendant after his arrest and before booking." The judge in this jury-waived trial was within her discretion to credit the officer's testimony over the defendant's self-serving statements. In addition, as the motion judge properly acknowledged, the Commonwealth need not prove that the defendant's impairment was based solely on alcohol in order to convict him of operating under the influence; such a conviction may be based on the consumption of both alcohol and medication which "tended to magnify the effect of the liquor or concurred in causing the defendant's diminished capacity to operate safely." Commonwealth v. Stathopoulos, 401 Mass. 453, 456 n.4 (1988). Where the judge credited the police officer's testimony that the defendant smelled strongly of alcohol, the argument that the defendant was on medication would not have provided him any benefit.
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant was also found responsible for one count of a civil motor vehicle infraction for a marked lanes violation, pursuant to G. L. c. 89, § 4A.

Attorney Russell was the defendant's court-appointed attorney.