People v Myles (2019 NY Slip Op 03372)





People v Myles


2019 NY Slip Op 03372


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-12115
 (Ind. No. 251/15)

[*1]The People of the State of New York, respondent,
v
Maureen Myles, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered October 22, 2015, convicting her of grand larceny in the third degree, grand larceny in the fourth degree (two counts), scheme to defraud in the first degree, and petit larceny (three counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The charges against the defendant arose from a charity fundraiser that she organized to raise funds to purchase a wheelchair-accessible van for her friend's son. The defendant was accused of using donated funds for her own benefit, as opposed to the charitable purpose for which they were raised.
The defendant's contention that the evidence was legally insufficient to support her convictions is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Barnett, 163 AD3d 700, 701; People v McAuley, 154 AD3d 720, 720). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of each crime charged in the indictment beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record here, we are satisfied that the verdict of guilt of grand larceny in the third degree, grand larceny in the fourth degree (two counts), scheme to defraud in the first degree, and petit larceny (three counts) was not against the weight of the evidence (see id. at 644).
The defendant's contention that the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived her of her constitutional right to a fair trial is unpreserved for appellate review, as she did not raise any constitutional challenge to the Sandoval ruling before the County Court (see CPL 470.05[2]; People v Grant, 7 NY3d 421, 424; People v Wheelings, 137 AD3d 1310, 1311). The defendant's further contention that the court abused its discretion in its [*2]Sandoval ruling is without merit. "The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" (People v Lipton, 162 AD3d 1070, 1071 [internal quotation marks omitted]; see People v Wheelings, 137 AD3d at 1311). Here, the court's Sandoval ruling permitting the People to inquire as to whether the defendant had been convicted of three felonies involving crimes of theft and engaging in a scheme to defraud, but precluding any questioning about the underlying facts of those prior crimes, avoided any undue prejudice to the defendant and constituted a provident exercise of the court's discretion (see People v Lipton, 162 AD3d at 1071; People v Lombardo, 151 AD3d 887, 887-888; People v Edwards, 118 AD3d 909, 909), particularly because "[c]rimes of theft will usually have a very material relevance as to the defendant's credibility" (People v Wright, 121 AD3d 924, 928 [internal quotation marks omitted]).
The defendant's contention that the County Court erred in admitting evidence regarding her educational background is also without merit. Contrary to the defendant's contention, this evidence was not Molineux evidence (see People v Molineux, 168 NY 264), since it did not concern uncharged crimes or other bad acts (see People v Brewer, 28 NY3d 271, 276; People v Binning, 108 AD3d 639, 639). Accordingly, we agree with the court's determination not to consider the documents related to the defendant's educational background under the Molineux standard. To the extent that the defendant challenges this evidence on relevancy grounds, the evidence was relevant to demonstrate the lies made by the defendant in order to defraud her victims.
The defendant's contention that certain oral statements she made to a detective prior to her arrest should have been suppressed is academic in light of the fact that those statements were not introduced at trial (see People v Murad, 55 AD3d 754, 755; People v Menendez, 50 AD3d 1061, 1061; People v Musmacher, 133 AD2d 352, 353).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court