Gants, C.J.
(concurring, with whom Spina, J., joins). I agree with the court that making a determination in accordance with Waller v. Georgia, 467 U.S. 39, 48-50 (1984), is constitutionally required before closing a court room to conduct a rape shield hearing under G. L. c. 233, § 21B. Ante at 722. I also recognize that, because § 21B requires the hearing to be conducted “in camera,” the public has been excluded from the court room without a Waller determination for most, if not all, rape shield hearings conducted prior to the issuance of this opinion. Consequently, some may fear that this opinion will generate a plethora of motions for a new trial claiming structural error as a result of the violation of the public trial right. I write separately to provide some perspective.
A motion for new trial (or a claim on direct appeal) based on the absence of a Waller determination will almost certainly be *733 futile unless, as in this case, the defendant objected to the closing of the court room at the time of the rape shield hearing. Ante at 731.1 doubt that many defendants timely made such an objection. Without doing so, a defendant will be deemed to have waived his or her claim of error regarding the closure of the court room for such a hearing, and may only claim that defense counsel was ineffective for having failed to object. See Commonwealth v. Morganti, 467 Mass. 96, 102-103, cert. denied, 135 S. Ct. 356 (2014) (“the right to a public trial may be procedurally waived by a failure to lodge a timely objection to the offending error,” and if waived, “we still may have occasion to review that error in the postconviction context of a challenge to trial counsel’s effectiveness in failing to raise the objection”). To prevail, a claim of ineffective assistance of counsel would require a finding that a substantial risk of a miscarriage of justice arose from the absence of such an objection, and under these circumstances it is difficult to imagine a case where such a finding would be warranted. See Commonwealth v. LaChance, 469 Mass. 854, 857-858 (2014).
In the rare case where a defendant has preserved his or her claim of error by objecting to the closure of the court room during a rape shield hearing, the remedy the court provides is a remand for a posttrial Waller hearing, where the trial judge (or another judge, if the trial judge is no longer on the bench) will determine whether the closure of the court room would have satisfied the constitutional requirements of Waller had the judge made a Waller determination at the time of trial. Ante at 731. The court states in its opinion that “the State’s overriding interest in protecting the privacy rights of rape victims and the absence of any other more narrowly tailored means of accommodating that interest may well mean that the majority of rape shield proceedings properly are closed.” Ante at 729. Thus, I expect that few, if any, posttrial Waller hearings will lead to a finding that the court room would not have been closed had the judge made a Waller determination at the time of trial.
Where there is such a finding, the court makes clear that the remedy is a new rape shield hearing with an open court room, not a new trial. Ante at 731. A new trial will be required only if the judge determines at the new rape shield hearing that significant evidence of prior sexual conduct by the victim, which was found inadmissible at the earlier rape shield hearing, would be admissible at a new trial. Id. I can understand why a judge, upon revisiting a rape shield issue, may come to a different conclusion *734 regarding the admissibility of evidence of the victim’s prior sexual conduct, but it is hard to imagine that this determination would be materially affected by whether the court room was open or closed.
Consequently, I foresee that very few, if any, defendants will receive a new trial as a result of this opinion. As with Waller, the opinion here is not limited to prospective application, but its practical impact will be.