The defendant was convicted of felony-murder in the second degree in 1997.[3] Before us now are appeals from the orders denying his two motions for new trial, each of which was heard by the trial judge. We affirm.
Like each party, we accept the facts from trial to be those recited by the Supreme Judicial Court (SJC) on the defendant's direct appeal. We briefly summarize those facts pertinent to the defendant. A jury could have found that the victim was fatally shot by one of the defendant's coconspirators during an attempted robbery. Just prior to the robbery, the defendant was told by a codefendant to remove the bullets from the gun used in the robbery, but he failed to do so. Commonwealth v. Prater, 431 Mass. 86, 87-89 (2000).
First motion for new trial. In the defendant's first motion for new trial, he renewed an argument that he raised on direct appeal regarding certain language used by the judge in her jury instructions on the underlying assault charge. In his motion, the defendant again contended that the judge improperly shifted the burden of proof to the defendant by instructing the jury "[i]f you find that [the victim] actually suffered bodily harm at the hand of the defendant, or at the action of the defendant, [the Commonwealth proved assault]." In deciding this same issue ten years earlier, the SJC held that even if this language was error, the remainder of the instructions clarified that the Commonwealth must prove each element of an assault charge individually, such that "the [isolated statement] did not create a substantial [risk] of a miscarriage of justice." Prater, supra at 99, quoting from Commonwealth v. Kosilek, 423 Mass. 449, 454 (1996).
The defendant asserted that a subsequent SJC decision has since established that the judge had in fact shifted the burden as it related to intent, and therefore he was entitled to a new trial. See Commonwealth v. Nolin, 448 Mass. 207, 217 (2007). The motion judge was unpersuaded and ruled that the decision in Nolin did nothing to undermine Prater, and therefore "no substantial issue ha[d] been raised" in the motion. In Nolin, a case involving murder in the first degree, the trial judge's jury instruction stated that "a person is presumed to intend the natural and probable consequences of his acts. So, in considering intent, remember that." Ibid. The SJC held that language impermissibly relieved the Commonwealth's burden of proving intent. Ibid. In the case before us, the judge ruled that the language cited in the defendant's motion related to the "attempt" theory of proving assault, rather than defining "intent," and thus concluded that Nolin did not impact the SJC's decision in Prater. Even if it had, the judge concluded that "the [isolated statement] did not create a substantial [risk] of a miscarriage of justice." Prater, supra at 99.
We review a judge's denial of a motion for new trial to determine whether "a significant error of law or other abuse of discretion" existed. Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We extend "special deference" to the motion judge when she also presided over the trial, as is the case in each of the motions for new trial before us. Grace, supra. Having reviewed the record and afforded the required deference to the judge's decision, we discern no error of law or abuse of discretion in her denial of the defendant's first motion for new trial. Like the motion judge, we conclude there was no applicable change to the law with respect to the defendant's claim in the period between his direct appeal and first motion for new trial, and the judge rightfully determined that Nolin was not relevant to that portion of the instructions regarding assault. As such, the defendant was essentially "seek [ing] to relitigate a motion that was previously ... rejected on direct appeal." Commonwealth v. Ellis, 475 Mass. 459, 475 (2016). The denial of the motion was appropriate. See Commonwealth v. Balliro, 437 Mass. 163, 166 (2002) ("A motion for new trial may not be used to compel the review of issues on which the defendant has already had appellate review").
Second motion for new trial. The defendant filed a second motion for new trial in 2012, alleging for the first time that his right to a public trial was violated because the court room was closed during jury selection. He supported this claim via his affidavit that stated that his mother, three siblings, and some of his friends who had been present at the start of the trial were not in the court room shortly after jury selection began. As further support for the motion, his mother and one of his sisters testified that the court officers did indeed exclude them from the court room during jury selection. His trial counsel, however, testified that he had no recollection of the court room being closed. The judge ruled that the defendant's argument was waived, as he had failed to object at trial (despite his claimed knowledge that his family was not in the court room) or complain of this action on direct appeal or in his first motion for new trial. See Commonwealth v. LaChance, 469 Mass. 854, 858 (2014). We agree with the judge that the issue is waived. Recognizing that the asserted infraction would constitute structural error, we may still address the defendant's claim that defense counsel "provided ineffective assistance of counsel for failing to object to the closure of the court room." Commonwealth v. Penn, 472 Mass. 610, 623 (2015). "To prevail on [such] a claim of ineffective assistance of counsel, however, a defendant must also show that counsel's deficiency resulted in prejudice ... which, in the circumstances of counsel's failure to object to an error at trial, is essentially the same as the substantial risk standard we apply to unpreserved errors." LaChance, supra.
The defendant does not allege any specific prejudice, instead relying on a then-pending case before the United States Supreme Court which addressed the issue whether prejudice is presumed in the ineffective assistance of counsel context when the defendant asserts a violation of the right to a public trial. See Weaver v. Massachusetts, 137 S. Ct. 1899, 1911 (2017). The decision in Weaver, issued between the filing of this appeal and oral argument, held that there is no such presumption of prejudice. Ibid. As the defendant relied on Weaver being decided differently and has otherwise claimed no specific prejudice,[4] the defendant's second motion for new trial was properly denied.
Orders denying motions for new trial affirmed.

The defendant was also convicted of armed assault with intent to rob, which served as the underlying charge for his felony-murder conviction. Accordingly, as it was duplicative, that conviction was vacated.

In any event, we see nothing to suggest that trial counsel was ineffective. The evidence at the motion hearing indicates that the defendant never alerted counsel that his family and friends were no longer in the court room, and counsel testified to having no recollection of the court room being closed.