Following a jury trial in the Superior Court, the defendant, Arnaldo Flores, was convicted of murder in the second degree and possession of a firearm without a firearm identification card. On direct appeal, he argued, inter alia, that the Commonwealth presented insufficient evidence to sustain the murder conviction because he was attacked by an armed drug dealer and acted in self-defense, the judge gave a flawed self-defense instruction and omitted an instruction on reasonable provocation, and trial counsel rendered ineffective assistance. A panel of this court affirmed the convictions in an unpublished decision pursuant to our rule 1:28. See Commonwealth v. Flores, 84 Mass. App. Ct. 1110 (2013).
The defendant subsequently filed a motion for a new trial contending, among other claims, that he was denied his constitutional right to a public trial and received ineffective assistance of counsel because his attorney failed to introduce Adjutant evidence. See Commonwealth v. Adjutant, 443 Mass. 649, 664 (2005). The motion judge, who was also the trial judge, held a three-day evidentiary hearing and denied the motion in a comprehensive written memorandum of decision and order.[2] The defendant also filed a motion for postconviction discovery, which the same judge denied in similar fashion. The defendant appeals from the orders denying those motions. We affirm.
Discussion. The facts relating to the murder and the ensuing trial are detailed in the judge's memorandum of decision and order on the defendant's motion for new trial, and need not be repeated here.
1. Public trial. Relying essentially on testimony from the hearing on the motion for a new trial,[3] the defendant on appeal argues that a court room closure occurred during jury selection, and, therefore, that his constitutional right to a public trial was denied. See generally Presley v. Georgia, 130 S. Ct. 721 (2010) (per curiam). The motion judge disagreed with this contention in her memorandum of decision and order, and found that the court room had been open during jury selection. She based this conclusion on her knowledge of her standard practices, her review of the trial transcript and record, and her personal recollection of the trial proceedings. See Commonwealth v. Grace, 370 Mass. 746, 751-753 (1976). Furthermore, she explicitly did not credit the testimony of the defense witnesses concerning the claimed court room closure. See Commonwealth v. Schand, 420 Mass. 783, 787 (1995) (noting that, in regards to motions for new trial, the motion judge is "the final arbiter of matters of credibility"). We discern no error in the judge's thorough findings and no abuse of discretion in her determination that the defendant did not sustain his burden of demonstrating that the public was generally or partially excluded from jury empanelment. See Grace, supra.
The defendant responds by pointing to the judge's own comments during jury selection, which, he contends, undermine the judge's conclusion. Specifically, he notes that, while going over the jury selection process with the defendant, the judge stated, "Everyone is to remain out of the courtroom during this process." However, the judge addressed this statement in her memorandum of decision and order when she found, although she "mis-spoke": "No instruction or order ever issued from the Court closing the courtroom. The Court is convinced that no court officer cleared the courtroom when the Court made the statement at issue or at the outset of the [e]mpanelment." Furthermore, the judge noted that "[i]t was not standard practice for court officers, in the presence of this judge, to ask the public, by words or gestures, to leave the courtroom during jury selection even when the courtroom was crowded." To the contrary, as the judge ruled:
"The Court is confident that no such instruction was given in this judge's presence. This judge was particularly vigilant in ensuring that accommodations were made for the public to attend all phases of a trial, including jury selection, both general and individual voir dire. This judge has never heard a court officer ask persons who were present in a courtroom in Fall River during pre-[e]mpanelment hearings to leave the courtroom because the venire was being brought down. The Court has never heard a court officer ask members of the public present for general voir dire in a courtroom in Fall River to leave because voir dire was about to commence."
Here again, the judge's findings are clear and supported by the record, her routine practice, and her personal recollection of this case. See Schand, supra ("The judge's findings of fact are to be accepted if supported by the evidence").
Finally, the judge recounted in her memorandum of decision and order that on the final day of trial the prosecutor asked for a joint representation from defense counsel that the court room had been open to the public during all stages of trial, including jury empanelment. The transcript reveals that defense counsel responded that he "wasn't aware of anybody being excluded at all," and the judge noted for the record that the trial had been open at all times. Thus, even the trial record itself undercuts the argument being proffered for the first time in the motion for a new trial. The judge did not abuse her discretion in denying the motion, which was based on the defendant's self-serving claim.[4]
2. Adjutant claims. The defendant next claims that the judge abused her discretion in denying his motion for a new trial because trial counsel was ineffective for failing to introduce the decedent's convictions from Puerto Rico in evidence. He further argues that the judge erred in excluding Adjutant evidence. For the myriad reasons detailed by the judge in her memorandum of decision and order, the claims are unavailing.
As the judge found, the evidence against the defendant was strong, and the defendant failed to articulate what specific evidence would have been admitted to demonstrate that the decedent had initiated the violence in the alleged prior incidents of violence. See Commonwealth v. Gaynor, 73 Mass. App. Ct. 71, 73-74 (2008). Indeed, as the judge correctly found, the defendant's proffer at trial "contained no underlying facts establishing whether the incidents at issue met the standard for Adjutant evidence." The mere existence of a record of prior convictions, without any evidence demonstrating that the victim "likely initiated" the violence in those instances, is insufficient to satisfy the foundational requirements for the admission of Adjutant evidence. Adjutant, 443 Mass. at 653 n.4. See Gaynor, supra. Furthermore, the judge had broad discretion in determining whether the proper foundation for Adjutant evidence had been met. See Adjutant, 443 Mass. at 664 ; Gaynor, supra at 75. On the record before us, we cannot say that the judge abused that discretion.[5] ,[6]
Order denying motion for new trial affirmed.
Order denying motion for posttrial discovery affirmed.

The judge based her findings on "the trial transcript, the credible testimony presented and exhibits submitted at a three-day evidentiary hearing, and the reasonable inferences drawn therefrom, as well as upon [her] own recollections and knowledge of the Court's standard practices."

The defendant mainly relies on his own testimony and that of his mother and sister.

In regards to the defendant's related ineffective assistance claim, we further agree with the judge's determination that even assuming a court room closure had occurred, the defendant has not met his burden of establishing prejudice resulting therefrom. See Commonwealth v. LaChance, 469 Mass. 854, 858-859 (2014). See also Weaver v. Massachusetts, 137 S. Ct. 1899, 1910-1911 (2017).

To the extent that we do not discuss other arguments made by the defendant, including the claim that the judge abused her discretion in denying his motion for postconviction discovery, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

We acknowledge the information provided to this court by the defendant pursuant to Mass.R.A.P. 16(l), as amended, 386 Mass. 1247 (1982), and 22(c), as amended, 418 Mass. 1601 (1994).