The defendant, Darrell Smith, was convicted by a jury of armed robbery, G. L. c. 265, § 17 ; possession of a firearm without a license as a subsequent offender, G. L. c. 269, § 10(a ) and (d ), and as an armed career criminal, G. L. c. 269, § 10G ; and various other firearm offenses.[2] The judgments were affirmed by the Supreme Judicial Court. Commonwealth v. Smith, 460 Mass. 385 (2011). Thereafter, the defendant filed a motion for a new trial asserting, among other things, that (i) the Commonwealth failed to provide potentially exculpatory evidence and (ii) his Sixth Amendment right to a public trial was violated when members of the public, including his mother, were excluded from the court room during jury selection. The motion judge, who was not the trial judge, denied the motion in a well-reasoned memorandum of decision. We affirm.
1. Background. Because the facts of this case were already set forth by the Supreme Judicial Court in connection with the defendant's direct appeal, we review them only briefly here. In the early morning hours of May 7, 2006, the victim, Trent Harvey, was driving in the Dorchester section of Boston when he saw Elizabeth Splaine, a sex worker with whom he was familiar, and gave her a ride. The two drove to several locations, including a bank in Cambridge from which Harvey withdrew $500 from an automated teller machine. Splaine saw Harvey place the money in the visor above his seat. Harvey dropped Splaine at her mother's house and proceeded to visit his daughter, leaving her $100. He then returned to pick up Splaine, who eventually asked Harvey to drive her to a particular intersection in Dorchester to meet a friend. When they arrived at the intersection, they found the defendant and Mahogany Penn, a woman with whom Harvey was familiar.
The defendant opened the door to let Splaine out and proceeded to enter Harvey's vehicle, point a firearm at Harvey's side, and command him to drive. The defendant took Harvey's gold chain and the remaining $400 that Harvey had placed in the vehicle's visor. Harvey managed to escape soon thereafter.
Boston police officers were called to the scene. Harvey reluctantly reported the theft and described the defendant, Splaine, and Penn. While Harvey was speaking to the police, Splaine walked out of a nearby apartment building. Several minutes later, Penn exited the same apartment building, spoke to Splaine, and returned to the building. Harvey identified Splaine and Penn as the women who had robbed him.
One of the officers recognized Splaine from an incident that had occurred one week earlier during which Splaine was present in a particular apartment (located in the same apartment building from which Splaine and Penn had exited) with a man matching Harvey's description of the male assailant. The police officers proceeded to the apartment and knocked on the door. Penn ran out of the apartment. She was visibly shaken and stated, "He has a gun. He's wrapping it in a black sock." The officers evacuated the apartment building, found and arrested the defendant, and located a loaded firearm in a black sock on the ground directly below the window of the apartment.
Upon returning to the station, police Detective Robert Zingg unloaded and then fumed[3] the firearm before sending it to the latent print unit. This procedure was described in a police incident report. Later testing by the latent print unit uncovered no fingerprints on the firearm.
On further appellate review,[4] the Supreme Judicial Court affirmed the judgments. Smith, 460 Mass. at 386. The defendant's subsequent motion for a new trial[5] was denied. This appeal followed.
2. Discussion. We review an order denying a motion for new trial to "determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "[W]hen a new trial claim is constitutionally based, as in the instant case[ ], 'this court will exercise its own judgment on the ultimate factual as well as legal conclusions.' " Commonwealth v. Laguer, 448 Mass. 585, 593 (2007), quoting from Commonwealth v. Healy, 438 Mass. 672, 678 (2003).
a. Failure to disclose evidence. The defendant first maintains that the motion judge erred in denying his motion for new trial because the Commonwealth denied him due process by failing to disclose documentation of the fuming process despite requests to do so during discovery. See Brady v. Maryland, 373 U.S. 83, 87 (1963). We begin by noting that, at oral argument, the defendant's appellate counsel clarified that the defendant's Brady claim was not based on the police incident report, which documented that Zingg fumed the firearm, because that report was provided to the defendant.[6] Instead, the defendant's Brady claim rests on his contention that the Commonwealth should have created an additional report of the fuming procedure. The argument lacks merit. Commonwealth v. Caillot, 454 Mass. 245, 262 (2009) ("The so-called Brady obligation is one of disclosure; it imposes no obligation on the prosecution to gather evidence or conduct additional investigation").
Even assuming arguendo that the Commonwealth failed to disclose some hypothetical documentation concerning Zingg's fuming procedure, the defendant has not met his burden to show that this supposed evidence was exculpatory in that it tended to negate his guilt or support his innocence. Id. at 261-262. To the contrary, the evidence that he now argues should have been disclosed-which he speculates might have shown that fingerprint evidence may have been destroyed by Zingg's supposed improper performance of the fuming process-would have weakened his defense at trial. Specifically, during closing argument, trial counsel emphasized the absence of the defendant's fingerprints on the firearm in support of his innocence. Evidence that Zingg inadvertently erased fingerprints on the firearm would have provided the jury with an explanation as to why the defendant's fingerprints were not on the firearm. Nor can the defendant meet his burden to show that the supposedly withheld fuming report was exculpatory by relying on speculation that Zingg erased a third party's fingerprints.[7] See, e.g., Laguer, 448 Mass. at 597-598.
b. Right to a public trial. The defendant also contends that his right to a public trial under the Sixth Amendment to the United States Constitution was violated when his family was barred from the court room during jury empanelment.[8] Where, as here, trial counsel failed to object to closure of the court room, any claim of error is unpreserved. Commonwealth v. LaChance, 469 Mass. 854, 857 (2014). Accordingly, the defendant is only entitled to relief where he is able to demonstrate that the temporary closure resulted in a substantial risk of a miscarriage of justice. Ibid. See Weaver v. Massachusetts, 137 S. Ct. 1899, 1911 (2017). The defendant has failed to make such a showing and, accordingly, his claim fails.[9]
Order entered April 21, 2017, denying motion for new trial affirmed.

The defendant was also indicted on two charges of assault by means of a dangerous weapon, G. L. c. 265, § 15B(b ) ; and one charge of receiving stolen property, G. L. c. 266, § 60. The Commonwealth entered a nolle prosequi on the receiving stolen property charge and on one of the assault charges. The other assault charge was dismissed by the trial judge as duplicative of the armed robbery charge.

As set forth in the Boston police department latent print processing manual, "Cyanoacrylate fuming is a method for developing friction ridge impressions .... Cyanoacrylate vapor is thought to polymerize due to a reaction with water and possibly other latent print constituents to form a white deposit." The process is used to test an item for latent fingerprints.

A panel of this court had previously reversed the judgments on direct appeal in an unpublished decision issued pursuant to our rule 1:28, Commonwealth v. Smith, 77 Mass. App. Ct. 1112 (2010).

The defendant initially filed a pro se motion for new trial. While the motion was pending, the defendant filed a motion for additional discovery of evidence related to the fuming, which was allowed. With the help of appointed counsel, the defendant filed an amended motion for new trial. We refer to both the pro se and amended motions as the motion for a new trial.

The defendant also maintains that the Commonwealth acted in bad faith by failing to disclose additional documentation of the fuming. Because there is nothing to suggest that the Commonwealth possessed any undisclosed documentation, we disagree.

For the same reasons, the defendant has not demonstrated that "a substantial basis exists for claiming prejudice from the nondisclosure." Commonwealth v. Tucceri, 412 Mass. 401, 412 (1992).

"There is nothing in the Constitution of this Commonwealth corresponding to the right to a 'public trial' expressly granted by the Sixth Amendment to the Constitution of the United States." Commonwealth v. Blondin, 324 Mass. 564, 570 (1949). Accordingly, the defendant's claim rests on the Sixth Amendment to the United States Constitution.

In light of our conclusions, we need not separately address the defendant's claim that trial counsel was ineffective for failing to raise the alleged discovery violation or to object to the closure of the court room.