Cordy, J.
This court is again faced with a defendant’s postconviction claim of ineffective assistance of counsel predicated on the failure of trial counsel to object to a court room closure during jury empanelment. See Commonwealth v. Alebord, 467 Mass. 106, 111-114, cert. denied, 134 S. Ct. 2830 (2014); Commonwealth v. Morganti, 467 Mass. 96, 100-105, cert. denied, 135 S. Ct. 356 (2014). This time we are required to address a question not previously reached, that is, whether prejudice from the deficiency of trial counsel in this respect must be affirmatively *855 established as part of the claim or is to be presumed because of the structural nature of the underlying public trial right that trial counsel failed to raise.
1. Background. On April 20, 2001, a Superior Court jury convicted the defendant of aggravated rape, kidnapping, indecent assault and battery, and assault by means of a dangerous weapon. The defendant — represented by new counsel — filed a timely notice of appeal, and on August 5, 2003, a panel of the Appeals Court affirmed his conviction in an unpublished decision pursuant to that court’s rule 1:28. Commonwealth v. LaChance, 58 Mass. App. Ct. 1111 (2003), cert. denied, 540 U.S. 1202 (2004). The defendant filed two motions for a new trial in 2003 and 2004, which were denied by the trial judge in a single order on April 15, 2004. The defendant again timely filed a notice of appeal, and a panel of the Appeals Court affirmed the judge’s denial of his two motions for a new trial on May 10, 2005. Commonwealth v. LaChance, 63 Mass. App. Ct. 1114 (2005).[1]
In September, 2011, represented by new appellate counsel, the defendant filed his third postaffirmance motion for a new trial, raising, for the first time, a claim that his right to a public trial pursuant to the Sixth Amendment to the United States Constitution was violated when his family members were excluded from the court room during jury empanelment, and that trial counsel was ineffective for failing to object to the closure. In support of his motion, the defendant presented his own affidavit and affidavits from his mother, his uncle, and his trial and former appellate attorneys. In her affidavit, the defendant’s mother stated that she, her late husband, and her brother were in attendance in the Superior Court in Middlesex County on April 10, 2001, the date of jury selection. At approximately 9:15 a.m., a court officer informed them that they would have to leave the court room. They left the court room, and waited in the lobby. According to the affidavits of the defendant’s mother and uncle, the family members attempted to reenter the court room at approximately 1 p.m. but were prevented from doing so by a court officer.
Trial counsel averred that he believed that the court room was closed during jury empanelment, as was the practice in the Superior Court in Middlesex County at the time, and that he did *856 not object to the alleged closure. Trial counsel further averred that he did not discuss the matter with the defendant and was not aware at the time of the trial that the Sixth Amendment right to a public trial extended to jury empanelment. The defendant’s former appellate counsel averred that he had no tactical or strategic reason not to raise the issue of court room closure in any of the defendant’s appeals or prior motions for a new trial, noting that it did not occur to him that closure was an issue in the case.
The motion judge, who was also the trial judge, denied the defendant’s third motion for a new trial without a hearing, reasoning that because the defendant had not objected to any closure during jury empanelment, he had waived his public trial claim. The judge further determined that removal of the defendant’s family from the court room during jury empanelment did not create a substantial risk of a miscarriage of justice entitling the defendant to a new trial.
On April 4, 2013, following the release of our decisions in Commonwealth v. Lavoie, 464 Mass. 83, cert. denied, 133 S. Ct. 2356 (2013), and Commonwealth v. Hardy, 464 Mass. 660, cert. denied, 134 S. Ct. 248 (2013), the defendant sought reconsideration of the denial of his motion for a new trial, arguing that prejudice under the second prong of the standard regarding ineffective assistance of counsel set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), must be presumed due to the structural nature of the right to a public trial. In denying the defendant’s motion, the judge assumed both that a closure during jury empanelment had occurred and that trial counsel’s performance in failing to object to the closure fell below that of an ordinary fallible lawyer. However, the judge rejected the defendant’s argument that prejudice must be presumed because of the structural nature of the underlying public trial right. Accordingly, the judge denied the motion, determining both that the defendant was unable to show prejudice resulting from the court room closure and that there was no substantial risk of a miscarriage of justice.
2. Discussion. We conclude that where the defendant has procedurally waived his Sixth Amendment public trial claim by not raising it at trial, and later raises the claim as one of ineffective assistance of counsel in a collateral attack on his conviction, the defendant is required to show prejudice from counsel’s inadequate performance (that is, a substantial risk of a miscarriage of justice) and the presumption of prejudice that would otherwise apply to a preserved claim of structural error does not apply. See *857 Purvis v. Crosby, 451 F.3d 734, 740-743 (11th Cir.), cert. denied sub nom. Purvis v. McDonough, 549 U.S. 1035 (2006); Virgil v. Dretke, 446 F.3d 598, 612 (5th Cir. 2006); Reid v. State, 286 Ga. 484, 487 (2010); and People v. Vaughn, 491 Mich. 642, 655-658 (2012), all concluding that structural error alone is not sufficient to warrant presumption of prejudice in context of claim of ineffective assistance of counsel.
a. Right to a public trial. It is well settled that the violation of a defendant’s right to a public trial is structural error. See United States v. Marcus, 560 U.S. 258, 263 (2010); Commonwealth v. Cohen (No. 1), 456 Mass. 94, 105 (2010). Where a defendant raises a properly preserved claim of structural error, this court will presume prejudice and reversal is automatic. See Cohen (No. 1), supra at 118-119 (properly preserved claim where counsel objected to court room closure at trial).
Where counsel fails to lodge a timely objection to the closure of the court room, the defendant’s claim of error is deemed to be procedurally waived. See Morganti, 467 Mass. at 102; Lavoie, 464 Mass. at 87-88 & n.8. Our case law provides that unpreserved claims of error be reviewed to determine if a substantial risk of a miscarriage of justice occurred. See Lavoie, 464 Mass. at 89, citing Commonwealth v. Freeman, 352 Mass. 556, 564 (1967). While violation of the right to a public trial is structural error, even structural error “is subject to the doctrine of waiver.” Morganti, supra at 101-102, quoting Cohen (No. 1), supra at 105-106. See Commonwealth v. Amirault, 424 Mass. 618, 641 (1997) (stating doctrine of waiver applies equally to constitutional claims). This includes structural error arising through an improper court room closure. See Alebord, 467 Mass. at 113; Morganti, supra at 101-102.
To presume prejudice in this context would ignore the distinction, one long recognized by this court, between properly preserved and waived claims. See Commonwealth v. Dyer, 460 Mass. 728, 735-737 & n.7 (2011), cert. denied, 132 S. Ct. 2693 (2012) (applying waiver analysis in case of murder in first degree to unobjected-to closure during jury voir dire and finding substantial likelihood of miscarriage of justice not shown); Commonwealth v. Horton, 434 Mass. 823, 832 (2001) (applying waiver analysis, in effect, to unpreserved claim of Sixth Amendment right to public trial). The structural nature of the underlying error does not automatically excuse the defendant from showing prejudice when advancing an unpreserved claim. *858 See Francis v. Henderson, 425 U.S. 536, 542 (1976) (holding that showing of actual prejudice necessary to overcome procedural waiver arising from failure to object to structural error at trial). “The presumption of prejudice which supports the existence of the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner.” Davis v. United States, 411 U.S. 233, 245 (1973) (presumption of prejudice associated with claim of racial discrimination in grand jury composition not available when claim first raised in postconviction motion). “To conclude otherwise would tear the fabric of our well-established waiver jurisprudence that ‘a defendant must raise a claim of error at the first available opportunity,’ ” Morganti, 467 Mass. at 102, quoting Commonwealth v. Randolph, 438 Mass. 290, 294 (2002), and would defeat the core purposes of the waiver doctrine: to protect society’s interest in the finality of its judicial decisions, and to promote judicial efficiency. Randolph, supra.
b. Right to effective assistance of counsel. If an error is waived due to the failure of trial counsel to object, we still may have occasion to review the error in the postconviction context of a claim of ineffective assistance of counsel. See Alebord, 467 Mass. at 113; Morganti, 467 Mass. at 103. To prevail on a claim of ineffective assistance of counsel, however, a defendant also must show that counsel’s deficiency resulted in prejudice, see Saferian, 366 Mass. at 96, which, in the circumstances of counsel’s failure to object to an error at trial, is essentially the same as the substantial risk standard we apply to unpreserved errors. See Commonwealth v. Azar, 435 Mass. 675, 686-687 (2002).
Because of the structural nature of the defendant’s waived Sixth Amendment right to a public trial, the dissent would presume prejudice, even in the context of a collateral attack based on a claim of a counsel’s ineffectiveness. But a claim of ineffective assistance of counsel is not a public trial claim. As discussed above, the defendant’s public trial claim has been procedurally waived. Presuming prejudice in this context ignores the distinct and well-established jurisprudence which governs claims of ineffective assistance of counsel.[2]
*859 With respect to claims of ineffective assistance of counsel, in violation of the Sixth Amendment, the United States Supreme Court has recognized a presumption of prejudice only in limited circumstances where the essential right to the assistance of counsel itself has been denied. See Strickland v. Washington, 466 U.S. 668, 692 (1984) (“Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice,” as is “state interference with counsel’s assistance”); United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). In Strickland, supra at 692, the United States Supreme Court went on to identify one additional circumstance where “a similar, though more limited, presumption of prejudice” would apply: where “counsel is burdened by an actual conflict of interest.” “Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above [denial altogether and State interference with counsel]. Prejudice is presumed only if the defendant demonstrates that counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected [the] lawyer’s performance.’ ” Strickland, supra, quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 350 (1980).
In contrast, in circumstances where ineffectiveness is based on “[a]n error by counsel, even if professionally unreasonable, [it will] not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.” Strickland, supra at 691. “The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance to justify reliance on the outcome of the proceeding.” Id. at 691-692. While a jury empanelment closed to spectators (other than jurors) and the defendant’s family may be a structural error, it will rarely have an “effect on the judgment,” or undermine our “reliance on the outcome of the proceeding.” Id. at 691, 692.
In Owens v. United States, 483 F.3d 48, 64 (1st Cir. 2007), the United States Court of Appeals for the First Circuit presumed prejudice where a defendant advanced a claim of ineffective assistance of counsel based on counsel’s failure to object to a public trial structural error. The court reasoned that it would “not ask defendants to do what the Supreme Court has said is impossible.” Id. at 65.[3] However, to say that requiring a showing of prejudice forecloses the possibility of a remedy “ignore[s] — at *860 great cost to the public interest in the finality of verdicts — the established rule that public trial rights may be waived,” Dyer, 460 Mass. at 735 n.7, and that claims of ineffective assistance of counsel merit a new trial only where the error may have affected the verdict. See Strickland, 466 U.S. at 691. We do not agree with the reasoning of Owens in this context, and are more aligned with that of the United States Court of Appeals for the Eleventh Circuit in Purvis v. Crosby, 451 F.3d at 740-741, which has concluded that aside from the three exceptions noted in Strickland and Cronic, none of which is present here, the United States Supreme Court has instructed that prejudice must be shown in a claim for ineffective assistance of counsel. See People v. Vaughn, 491 Mich. at 673-674 (rejecting reasoning of Owens and adopting reasoning of Purvis, further noting that, “[wjithout distinguishing a properly preserved structural error for which reversal is required from an error claimed as ineffective assistance of counsel, counsel can harbor error as an appellate parachute by failing to object to the closure of trial, thereby depriving the trial court of the opportunity to correct the error at the time it occurs”).
3. Conclusion. For the above reasons, the order denying the defendant’s motion for a new trial is affirmed.

So ordered.

The defendant also filed two motions to revise and revoke his sentence, which were denied by the trial judge and affirmed by a panel of the Appeals Court in an unpublished decision pursuant to that court’s rule 1:28. Commonwealth v. LaChance, 63 Mass. App. Ct. 1108 (2005).

Indeed, it would be anomalous if a waived claim reviewed on direct appeal under a substantial risk standard could be recast as a claim of ineffective assistance of counsel in which prejudice would be presumed.

Although it may be difficult to demonstrate prejudice in the context of a closed jury empanelment process, we do not rule out that possibility, although *860 we recognize that the possibility is greater with respect to trial closures after jury empanelment.