By the Court.
The defendant was convicted in 2006 of murder in the first degree on the theory of extreme atrocity or cruelty. While his direct appeal was pending here, he moved for a new trial on two grounds: first, he claimed that the court room *3 was improperly closed to the public during the jury selection phase of the case; second, he claimed that his trial counsel was ineffective in failing to investigate his mental history, thereby depriving him of, among other things, an opportunity to make an informed decision whether to pursue a defense of lack of criminal responsibility. We transferred the motion for a new trial to the Superior Court and stayed the direct appeal pending a ruling on the motion. After two separate evidentiary hearings, one on each of the issues raised in the motion, the motion for a new trial was denied.[1]
We now have before us the defendant’s direct appeal and his appeal from the denial of his motion for a new trial. In addition to pressing the public trial and ineffective assistance of counsel claims raised in his motion, the defendant also challenges the judge’s charge to the jury, claiming that it was error to instruct the jury that they could find malice for purposes of murder in the first degree on the theory of extreme atrocity or cruelty based on the so-called second or third prong of malice, and, further, that the third prong of malice is essentially indistinguishable from the mens rea needed for a conviction of involuntary manslaughter.
All five Justices on the quorum agree that the judgment of conviction and the orders denying the motion for a new trial are to be affirmed. With respect to the public trial and jury instruction issues, the Justices unanimously reject the defendant’s claims for the reasons set forth in parts 2.a and 2.b of Justice Hines’s concurring opinion, post at 6-10 (Hines, J., concurring). With respect to the claim that counsel was ineffective in failing to investigate the defendant’s mental history, the Justices unanimously agree that the defendant is not entitled to relief on that basis, but they reach this conclusion for differing reasons. Two Justices — Justice Hines and Justice Duffly — conclude that the failure to investigate did not create a substantial likelihood of a miscarriage of justice in the circumstances of this case because, “even assuming the availability of a viable lack of criminal responsibility defense, counsel’s strategic choice to defend the case solely on a self-defense theory was not manifestly unreasonable.” Id. at 16. The other three Justices on the quorum — *4 Justice Lenk, joined by Chief Justice Gants and Justice Cordy — conclude that the failure to investigate did not create a substantial likelihood of a miscarriage of justice because the defendant “offered no evidence indicating that he would have agreed to present a lack of criminal responsibility defense at the time of the original trial, and has clearly asserted that he would not present the defense at a new trial,” and because “the absence of any evidence indicating his willingness to present the defense prevents him from establishing prejudice as a result of counsel’s failure to investigate such a defense.” Post at 21 (Lenk, J., concurring). These Justices are also of the view that, “[ejven if the defendant had agreed to present a lack of criminal responsibility defense ... [it is questionable] whether [it] would have been a substantial defense and . . . [there is] no reasonable basis for thinking the outcome at trial likely would have been different.” Id. at 21 n.l.
Finally, after review of the entire record pursuant to G. L. c. 278, § 33E, the Justices agree unanimously that there is no other basis for granting the defendant relief.

Judgment affirmed.

Orders denying motion for a new trial affirmed.

 Byagreement of the parties, the two issues raised in the motion for a new trial were considered separately. The trial judge heard and decided the portion of the motion raising the public trial issue. Subsequently, and after the trial judge had retired, another judge of the Superior Court heard and decided the portion of the motion raising the ineffective assistance of counsel claim.