LOWY, J.
**146 The issue before us is whether a defendant who failed to raise a timely objection to an improper court room closure at trial nevertheless preserved the claim by raising the issue for the first time in his motion for a new trial, thirteen years after his convictions. Otherwise stated, by failing to raise the claim at trial, did the defendant "procedurally waive"[1] his entitlement to the standard of review designated for preserved and meritorious **147 claims of structural *359 error, regardless of whether counsel and the defendant were subjectively unaware that the court room had been closed at trial? We answer the question in the affirmative: where a defendant fails to raise a timely objection to such a closure at trial, thus depriving the judge of the opportunity to either fix the error or analyze the closure under the standard set forth in Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), the defendant forfeits or procedurally waives review of his or her claim under the standard designated for preserved claims of structural error.[2] We emphasize that, although a defendant who fails to object to the closure at trial forfeits or procedurally waives the more favorable standard of review, the defendant does not waive the right to raise the claim. We review unpreserved court room closure claims to determine whether the improper closure created a substantial risk of a miscarriage of justice.[3] Because we conclude **148 that the defendant's claim was not preserved, the grant of the defendant's motion for a new trial must be reversed.
Background. In 2002, a jury in the Superior Court in Suffolk County convicted the defendant of murder in the first degree on a felony-murder theory, armed robbery, and unlawful possession of a firearm.[4] Approximately thirteen years after he had been convicted, the defendant filed his first motion for a new trial, claiming that his Sixth Amendment right to a public trial had been violated because the court room had been improperly closed during jury empanelment. The defendant did not claim that his counsel had been ineffective for failing to object to the closure at trial. This was the first time that the defendant raised the claim, as his trial counsel had *360 not objected to the closure at any point during trial.
Following an evidentiary hearing on the defendant's motion for a new trial, the motion judge (the trial judge having since retired) concluded that court officers had impermissibly closed the court room during jury empanelment and had excluded members of the public from entering the court room, including the defendant's family. The judge found that defense counsel did not object to the closure because neither counsel nor the defendant was aware that the court room had been closed during empanelment; the trial judge did not order the court room closure, nor was she aware of it. Defense counsel's focus on the jury selection process, according to the judge, was the reason counsel was unaware of the court room closure.
Although counsel was aware that court rooms in the Commonwealth would occasionally close during empanelment to accommodate large venires, counsel was unaware whether this was a practice in Suffolk County court rooms at the time of the defendant's trial.[5] Similarly, counsel was unaware that the Sixth Amendment right to a public trial extended to jury empanelment. As a **149 result, counsel stated, and the judge credited, that if he knew that the defendant's family members had been barred from the court room during jury selection, "he would have asked that they be admitted, but probably would not have made any other kind of objection."
The judge determined that because the defendant and his counsel were unaware that the court room had been closed during empanelment, counsel's failure to contemporaneously object to the closure did not constitute a procedural waiver of his Sixth Amendment public trial claim. Instead, the judge concluded that the defendant preserved his claim by raising it in his first motion for a new trial, which was filed while his direct appeal was pending in this court. The motion judge did not examine whether the defendant and counsel, as a factual matter, had an opportunity to perceive that members of the public had been excluded from the court room or that only prospective jurors were present during empanelment, or whether they otherwise should have perceived the exclusion of the public from the court room during empanelment.[6] Construing the defendant's claim as a preserved structural error, the judge granted the defendant's motion for a new trial.
Discussion. The Commonwealth contends that the judge erroneously concluded that the defendant's Sixth Amendment public trial claim had not been procedurally waived despite counsel's failure to lodge a contemporaneous objection at trial to the closed court room. We agree.
We review the disposition of a motion for a new trial for "a significant error of law or other abuse of discretion." Commonwealth v. Forte, 469 Mass. 469, 488, 14 N.E.3d 900 (2014), quoting Commonwealth v. Grace, 397 Mass. 303, 307, 491 N.E.2d 246 (1986).
The Sixth Amendment right to a public trial extends to the jury selection *361 process, and a violation of that right constitutes structural error. See Weaver v. Massachusetts, --- U.S. ----, 137 S.Ct. 1899, 1910, 198 L.Ed.2d 420 (2017) ; Commonwealth v. Wall, 469 Mass. 652, 672, 15 N.E.3d 708 (2014) ; Commonwealth v. Cohen (No. 1), 456 Mass. 94, 105-106, 921 N.E.2d 906 (2010). See also Presley v. Georgia, 558 U.S. 209, 213, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010). It is similarly **150 well settled that "[w]here a defendant timely raises and preserves a meritorious claim of structural error, this court 'will presume prejudice and reversal is automatic.' " Commonwealth v. Jackson, 471 Mass. 262, 268, 28 N.E.3d 437 (2015), cert. denied, --- U.S. ----, 136 S.Ct. 1158, 194 L.Ed.2d 187 (2016), quoting Commonwealth v. LaChance, 469 Mass. 854, 857, 17 N.E.3d 1101 (2014), cert. denied, --- U.S. ----, 136 S.Ct. 317, 193 L.Ed.2d 227 (2015). See Weaver, supra ("in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to 'automatic reversal' regardless of the error's actual 'effect on the outcome' " [emphasis added; citation omitted] ).
Notwithstanding the importance of the right to a public trial, it, "like other structural rights, can be waived" (citation omitted). Cohen (No. 1), 456 Mass. at 105-106, 921 N.E.2d 906. "Where counsel fails to lodge a timely objection to the closure of the court room, the defendant's claim of error is deemed to be procedurally waived." LaChance, 469 Mass. at 857, 17 N.E.3d 1101. See Commonwealth v. Alebord, 467 Mass. 106, 112, 4 N.E.3d 248, cert. denied, --- U.S. ----, 134 S.Ct. 2830, 189 L.Ed.2d 793 (2014). A claim is procedurally waived regardless of whether counsel's failure to object to the closure was a tactical decision or "where the failure to object is inadvertent." Commonwealth v. Lang, 473 Mass. 1, 9, 38 N.E.3d 262 (2015), quoting Wall, 469 Mass. at 672, 15 N.E.3d 708. See Commonwealth v. Morganti, 467 Mass. 96, 102, 4 N.E.3d 241, cert. denied, --- U.S. ----, 135 S.Ct. 356, 190 L.Ed.2d 251 (2014) (inadvertent procedural waiver where no tactical reason for counsel's failure to object). See also Commonwealth v. Vargas, 475 Mass. 338, 357, 57 N.E.3d 920 (2016) ("Such waiver need not be consented to by the defendant"). Indeed, a claim is procedurally waived "whenever a litigant fails to make a timely objection," including where counsel was unaware of the court room closure. Jackson, 471 Mass. at 269, 28 N.E.3d 437, quoting Wall, supra.
In reviewing a defendant's claim that the court room was improperly closed, the threshold inquiry is whether that claim was properly preserved at the time of the alleged closure. This court recently observed that in Weaver, 137 S.Ct. at 1910-1912, "the United States Supreme Court distinguished sharply between preserved and unpreserved errors on appeal." Commonwealth v. Kolenovic, 478 Mass. 189, 203, 84 N.E.3d 781 (2017). Reaffirming the principle that a contemporaneous objection to an offending court room closure is required to preserve the claim, we held that the dispositive inquiry is "not whether the claim was made in the direct appeal or in the motion for new trial, but rather whether the court room closure issue was preserved at trial" (emphasis **151 added). Id. at 203 n.13, 84 N.E.3d 781. A contemporaneous objection is indispensable for purposes of preserving the claimed error on appeal because when the alleged error is raised contemporaneously with the closure, "the trial court can either order the court room opened or explain the reasons for keeping it closed." Weaver, supra at 1912.
Furthermore, a contemporaneous objection to an improper court room closure also creates a record that can be directly *362 reviewed by an appellate court without the need for collateral proceedings to develop the court room closure issue. See Weaver, 137 S.Ct. at 1912 (when appellate courts adjudicate preserved errors raised on direct appeal, "the systemic costs of remedying the error are diminished to some extent ... because, if a new trial is ordered on direct review, there may be a reasonable chance that not too much time will have elapsed for witness memories still to be accurate and physical evidence not to be lost"). Absent a contemporaneous objection to the court room closure at trial, concluding that a claim is preserved "would tear the fabric of our well-established waiver jurisprudence ... and would defeat the core purposes of the waiver doctrine: to protect society's interest in the finality of its judicial decisions, and to promote judicial efficiency." LaChance, 469 Mass. at 858, 17 N.E.3d 1101, quoting Morganti, 467 Mass. at 102, 4" url="https://cite.case.law/citations/?q=4%20N.E.3d%20241">4 N.E.3d 241. See Commonwealth v. Randolph, 438 Mass. 290, 294, 780 N.E.2d 58 (2002). Our waiver doctrine prevents claims that are raised for the first time in postconviction proceedings from "function[ing] as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, thus undermining the finality of jury verdicts" (quotation and citation omitted). Weaver, supra.
The principles underpinning the doctrine of procedural waiver are deeply ingrained in our jurisprudence, and were recently reaffirmed by the United States Supreme Court in Weaver, 137 S.Ct. at 1912. As stated, analyzing whether a claimed error was properly preserved depends on whether the defendant contemporaneously objected to the closure at trial. See Jackson, 471 Mass. at 268-269, 28 N.E.3d 437. Indeed, only where a defendant raises a contemporaneous objection to an improper court room closure at trial has this court held that the defendant's claimed Sixth Amendment public trial violation was preserved. See Cohen (No. 1), 456 Mass. at 118, 921 N.E.2d 906. In that case, the defendant objected to the court room closure when defense counsel first discovered that the court officers had placed a sign on the court room door stating, "Jury empanelment Do not enter." Id. at 98, 921 N.E.2d 906. We concluded that the **152 defendant properly preserved the public trial error because he objected "at a time when the violation could have been remedied by beginning the empanelment process anew." Id. at 118 n.35, 921 N.E.2d 906, citing Commonwealth v. McDuffee, 379 Mass. 353, 359, 398 N.E.2d 463 (1979) (noting that "rationale behind the requirement of a specific exception is to enable the judge to make any necessary correction"). See Commonwealth v. Lavoie, 464 Mass. 83, 89 n.11, 981 N.E.2d 192, cert. denied, 569 U.S. 981, 133 S.Ct. 2356, 185 L.Ed.2d 1080 (2013) (noting that defendant's claim was factually different from claim in Cohen (No. 1)"in at least one important respect: Cohen's defense counsel objected to the court room closure at his trial").
Conversely, where a defendant fails to contemporaneously object to an improper court room closure at trial, we have steadfastly held that the defendant's claim is procedurally waived. See, e.g., Lang, 473 Mass. at 7-9, 38 N.E.3d 262 (no objection at trial; claim raised in first motion for new trial as Sixth Amendment violation while direct appeal pending); Jackson, 471 Mass. at 268-269, 28 N.E.3d 437 (no objection at trial; claim raised as Sixth Amendment violation in motion for new trial); Alebord, 467 Mass. at 107-108, 4 N.E.3d 248 (no objection at trial; claim not raised in first motion for new trial or direct appeal and asserted as claim of ineffective assistance of counsel); Lavoie, 464 Mass. at 84, 981 N.E.2d 192 (no objection at trial; claim raised as Sixth Amendment violation *363 in defendant's first motion for new trial). Absent a contemporaneous objection, it is immaterial when or in what form the defendant later raises the claim in postconviction proceedings. See Kolenovic, 478 Mass. at 203 n.13, 84 N.E.3d 781 ("the important distinction is ... whether the court room closure issue was preserved at trial"). Cases noting that a defendant also failed to raise the claim in his or her first motion for a new trial or on direct appeal only serve to emphasize the egregiousness of the defendant's delay in raising the claim -- like here, where the defendant first raised the issue approximately thirteen years after his convictions. See, e.g., Commonwealth v. Celester, 473 Mass. 553, 577-578, 45 N.E.3d 539 (2016) (no objection at trial, and issue raised in second motion for new trial); Jackson, 471 Mass. at 268-269, 28 N.E.3d 437 (no objection at trial, and "issue also was not raised in his first motion for a new trial that preceded sentencing"); Wall, 469 Mass. at 672, 15 N.E.3d 708 (no objection at trial, "[n]or was it raised in the defendant's first motion for a new trial").
We now turn to the nucleus of the defendant's argument, that despite his counsel's failure to contemporaneously object to the improperly closed court room, his claim was not procedurally **153 waived because the defendant and his counsel were factually unaware of the closure when it occurred at trial. We have considered and rejected substantially similar arguments on a number of occasions. See Jackson, 471 Mass. at 269, 28 N.E.3d 437 ; Commonwealth v. Fritz, 472 Mass. 341, 346, 34 N.E.3d 705 (2015) ; Wall, 469 Mass. at 672-673 & n.24, 15 N.E.3d 708. For the reasons underpinning our doctrine of procedural waiver discussed supra, we have held that a defendant procedurally waives a court room closure claim by failing to contemporaneously object to the closure, regardless of whether the defendant or counsel was factually aware that the court room was closed. See Jackson, supra ; Fritz, supra ; Wall, supra. In Jackson, supra, where the defendant and his counsel were unaware that the court room had been closed, this court specifically rejected the argument that the defendant's claim "cannot be procedurally waived when neither counsel nor the defendant knew of the occasion for objection." We concluded that the defendant's attempt to shield his claim from the doctrine of procedural waiver was at odds with our decision in Wall, supra, because the "right to a public trial may be procedurally waived whenever a litigant fails to make a timely objection," regardless of whether counsel or the defendant perceived the court room closure when it occurred. Jackson, supra, quoting Wall, supra at 672, 15 N.E.3d 708. This rationale applies with equal force where counsel was unaware of the occasion for objection because he or she did not realize that the defendant's Sixth Amendment right to a public trial extended to jury empanelment. See Fritz, supra.
The defendant attempts to distinguish his case from Jackson, 471 Mass. at 269, 28 N.E.3d 437, and Wall, 469 Mass. at 672-673 & n.24, 15 N.E.3d 708, because he raised the court room closure claim in his first motion for a new trial while his direct appeal was pending. Yet, as we previously emphasized, "the important distinction is not whether the claim was made in the direct appeal or in the motion for new trial, but rather whether the court room closure issue was preserved at trial." Kolenovic, 478 Mass. at 203 n.13, 84 N.E.3d 781. Furthermore, our determination that the defendant in Jackson, supra at 265-266, 269, 28 N.E.3d 437, procedurally waived his claim was predicated on his failure to timely object at trial, not because he first moved for a mistrial and motion for a new trial prior to sentencing without raising *364 the **154 closed court room issue,[7] and then subsequently raised the issue in his first motion for a new trial postsentencing. The defendant in Jackson, like the defendant in this case, was apparently unaware of the court room closure prior to filing his first postsentencing motion for a new trial. Id. at 268-269, 28 N.E.3d 437. In both cases, the dispositive inquiry is whether the defendant objected to the closure at trial, and not a hypertechnical analysis of the precise procedural posture in which the claim is first raised posttrial. See id.
For purposes of determining whether the defendant's claim was properly preserved at trial, it is also legally irrelevant that he now presents the claim as a Sixth Amendment violation rather than a claim that his counsel provided ineffective assistance by failing to perceive and object to the closure. Regardless of the reason for counsel's failure to lodge a contemporaneous objection to the closure, the trial judge is deprived of the opportunity to evaluate the claim "at a time when the violation could have been remedied." See Cohen (No. 1), 456 Mass. at 118 n.35, 921 N.E.2d 906. Accordingly, we conclude that the defendant's failure to contemporaneously object to the court room closure constituted a procedural waiver of his claim.
Where a procedurally waived Sixth Amendment public trial claim is raised in a motion for a new trial, a reviewing court analyzes the claimed error to determine whether the error, if any, created a "substantial risk of a miscarriage of justice." LaChance, 469 Mass. at 857, 107" url="https://cite.case.law/citations/?q=17%20N.E.3d%201101">17 N.E.3d 1101. See Commonwealth v. Hill, 432 Mass. 704, 710 n.14, 739 N.E.2d 670 (2000).[8] The substantial risk of a miscarriage of justice **155 standard applies even where the defendant, in a capital case, files a postconviction motion for a new trial while the defendant's direct appeal is pending in this court. See Hill, supra. Only where the motion for a new trial is denied, and that denial is consolidated with the defendant's direct appeal, does this court review the totality of the defendant's case *365 to determine whether there is a "substantial likelihood of a miscarriage of justice" under G. L. c. 278, § 33E. See Celester, 473 Mass. at 560, 45 N.E.3d 539 ; Jackson, 471 Mass. at 269, 28 N.E.3d 437. Accordingly, we reverse the grant of the defendant's motion for a new trial and remand the case to the Superior Court for the motion judge to determine whether the improper court room closure created a substantial risk of a miscarriage of justice.
So ordered.

Our cases analyzing whether a defendant has properly preserved a claimed violation of the public trial right under the Sixth Amendment to the United States Constitution have almost uniformly referred to the defendant's failure to preserve the claimed error at trial as a "procedural waiver." Unlike a waiver of a right, which ordinarily must be knowing, intelligent, and voluntary, a procedural waiver more closely resembles a forfeiture. See Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 894 n.2, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring) (waiver is "the intentional relinquishment or abandonment of a known right or privilege," which is more exacting than forfeiture and "merely one means by which a forfeiture may occur"). Significantly, the defendant does not procedurally waive or forfeit the right to raise the claimed error in this context; however, by failing to object to the closure at trial, the defendant forfeits or procedurally waives the presumption of prejudice that attaches to preserved and meritorious claims of structural error.

The concurrence suggests that the procedural waiver of the defendant's claim was triggered by his delay in raising the issue after trial, not his failure to raise the issue at trial. The cases analyzing procedural waiver (or forfeiture) focus on the defendant's failure to object at trial, not the lapse in time between the defendant's convictions and when he first raised the issue. See Commonwealth v. Jackson, 471 Mass. 262, 268-269, 28 N.E.3d 437 (2015), cert. denied, --- U.S. ----, 136 S.Ct. 1158, 194 L.Ed.2d 187 (2016) ; Commonwealth v. Wall, 469 Mass. 652, 672-673, 15 N.E.3d 708 (2014). See also Weaver v. Massachusetts, --- U.S. ----, 137 S.Ct. 1899, 1912, 198 L.Ed.2d 420 (2017) (whether claim is preserved depends on issue being timely raised at trial, not when or in what posture it was later raised). Our cases have, however, emphasized the conclusiveness of a procedural waiver by commenting that in addition to a failure to raise the issue at trial, there was also a delay in raising the issue in a first, or subsequent, motion for a new trial, but the delay in raising the claim after trial is not the dispositive issue. See Jackson, supra ("defendant did not raise an objection when the court room was closed .... The issue also was not raised in his first motion for a new trial that preceded sentencing"); Wall, supra at 672, 15 N.E.3d 708 (issue not raised at trial, "[n]or was it raised in the defendant's first motion for a new trial" and his second motion for new trial was filed "almost four years after he filed his first motion for a new trial, and over seven years after his conviction").

Based on the circumstances of this case, we need not determine how the standard articulated by the United States Supreme Court in Weaver, 137 S.Ct. at 1910, for unpreserved claims compares to the substantial risk of a miscarriage of justice standard. However, we emphasize that the Massachusetts Declaration of Rights cannot provide less protection for defendants than the Federal Constitution. See Commonwealth v. LaChance, 469 Mass. 854, 858, 17 N.E.3d 1101 (2014), cert. denied, --- U.S. ----, 136 S.Ct. 317, 193 L.Ed.2d 227 (2015) (we interpret substantial risk of miscarriage of justice standard as being essentially same as prejudice requirement for claim of ineffective assistance of counsel).

During sentencing, the judge dismissed the defendant's conviction of armed robbery, which was the felony underlying the conviction of felony-murder.

The motion judge credited testimony that, in 1998, it was a regular practice in the Superior Court in Suffolk County to close the court room during jury selection, but no evidence was presented as to whether this custom was in practice at the time of the defendant's trial in 2002.

The motion judge did, however, determine that because defense counsel did not know whether it was a custom and practice in Suffolk County to close court rooms during jury empanelment, he did not have constructive notice of the closure in that limited sense.

In Jackson, 471 Mass. at 265-266, 28 N.E.3d 437, prior to sentencing, the defendant orally moved for a new trial and for a mistrial when it was learned that one of the jurors was not a United States citizen. Both motions were denied.

We have observed that "where the defendant's Sixth Amendment right to a public trial has been subject to procedural waiver, the defendant after conviction may still make a collateral attack on the issue based on ineffective assistance of counsel for failure to object to the court room closure." Commonwealth v. Vargas, 475 Mass. 338, 357, 57 N.E.3d 920 (2016). In the context of reviewing a procedurally waived claim that is appropriately advanced as a claim of ineffective assistance of counsel due to counsel's failure to contemporaneously object to the closure at trial, the United States Supreme Court announced in Weaver, 137 S.Ct. at 1911, that "prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or ... that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." Id., citing Strickland v. Washington, 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("when a court is evaluating an ineffective-assistance claim, the ultimate inquiry must concentrate on 'the fundamental fairness of the proceeding' "). Although the defendant has not raised a claim of ineffective assistance of counsel, we have interpreted the substantial risk of a miscarriage of justice standard as being essentially the same as the prejudice requirement where the defendant raises an ineffective assistance of counsel claim due to counsel's failure to object to the court room closure. LaChance, 469 Mass. at 858, 17 N.E.3d 1101, citing Commonwealth v. Azar, 435 Mass. 675, 686-687, 760 N.E.2d 1224 (2002). However, as discussed in note 3, supra, this court has not had occasion to analyze whether the standard articulated in Weaver, supra, is more or less protective than the substantial risk of a miscarriage of justice standard.