BUDD, J. (concurring).
I agree that the defendant has procedurally waived, or inadvertently forfeited, his court room closure claim. However, a criminal defendant should not be considered to have automatically forfeited such a claim by failing to object contemporaneously to the closure when neither he nor his defense counsel (nor the judge) knew or had reason to know of it.[1] In my view, this question is primarily governed by principles expressed in the Massachusetts Rules of Criminal Procedure, and I would conclude instead that the defendant forfeited his court room closure claim because we presume that he had the opportunity **156 to discover this claim and bring it to a court's attention in a more timely fashion with the exercise of reasonable diligence.
1. Massachusetts Rules of Criminal Procedure and procedural waiver. Under Mass. R. Crim. P. 22, 378 Mass. 892 (1979), and Mass R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), there are at least two ways that a claim can be procedurally waived. First, rule 22 generally requires objections at trial in order to preserve claims of error. If a claim is not objected to at trial, it is waived. See Mass. R. Crim. P. 22. However, the rule also states in pertinent part:
"if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice him."
Id.
Additionally, a defendant may procedurally waive a preserved claim of error posttrial if he or she fails to raise it in his or her first motion for a new trial. Rule 30 (b) permits a "trial judge upon motion" to "grant a new trial at any time if it appears justice may not have been done." However, the rule also calls for the waiver of any claims that may be brought under rule 30 but are not raised in the defendant's first motion for a new trial:
"All grounds for relief claimed by defendant under [provisions of rule 30 ] shall be raised by the defendant in the original or amended motion. Any grounds not so raised are waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion."
Mass. R. Crim. P. 30 (c) (2).
These rules are consistent with the principle that a "right may be forfeited in criminal as well as civil cases by the failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it."
*366 Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), quoting Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).
2. Procedural waiver in court room closure cases. In cases in which defense counsel had an opportunity to object at trial because he or she knew or had reason to know of the court room closure and failed to object, we have concluded, consistently with rule 22, that the defendant's public trial right was waived because the claim was not timely preserved (i.e., at trial). See **157 Commonwealth v. Kolenovic, 478 Mass. 189, 203 n.14, 84 N.E.3d 781 (2017) ;[2] Commonwealth v. Vargas, 475 Mass. 338, 357, 57 N.E.3d 920 (2016) ; Commonwealth v. Lang, 473 Mass. 1, 9, 38 N.E.3d 262 (2015) ; Commonwealth v. Fritz, 472 Mass. 341, 346, 34 N.E.3d 705 (2015) ; Commonwealth v. LaChance, 469 Mass. 854, 855-856, 17 N.E.3d 1101 (2014), cert. denied, --- U.S. ----, 136 S.Ct. 317, 193 L.Ed.2d 227 (2015) ; Commonwealth v. Alebord, 467 Mass. 106, 108, 4 N.E.3d 248, cert. denied, --- U.S. ----, 134 S.Ct. 2830, 189 L.Ed.2d 793 (2014) ; Commonwealth v. Morganti, 467 Mass. 96, 102, 4 N.E.3d 241, cert. denied, --- U.S. ----, 135 S.Ct. 356, 190 L.Ed.2d 251 (2014) ; Commonwealth v. Lavoie, 464 Mass. 83, 87-89, 981 N.E.2d 192, cert. denied, 569 U.S. 981, 133 S.Ct. 2356, 185 L.Ed.2d 1080 (2013). See also Weaver v. Massachusetts, --- U.S. ----, 137 S.Ct. 1899, 1906, 198 L.Ed.2d 420 (2017) ;[3] Levine v. United States, 362 U.S. 610, 619, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960) (court room closure claim waived where "[c]ounsel was present throughout, and it is not claimed that he was not fully aware of the exclusion of the general public").[4] In each case, we held the claim to be untimely, regardless of whether it was presented in a motion for a new trial or in a direct appeal, because the defendant had been aware of the closure and had failed to object to it at the time of the closure. See Mass. R. Crim. P. 22.
However, the question whether a claim was preserved at trial cannot fairly be asked in a situation in which a defendant did not have an opportunity to object contemporaneously with the closure. See ibr.US_Case_Law.Schema.Case_Body:v1">id. We have considered at least two public trial cases **158 where the defendant first raised a public trial right claim after the trial had *367 concluded and defense counsel was unaware of the closure at the time of trial.[5] See Commonwealth v. Jackson, 471 Mass. 262, 269, 28 N.E.3d 437 (2015), cert. denied, --- U.S. ----, 136 S.Ct. 1158, 194 L.Ed.2d 187 (2016) ; Commonwealth v. Wall, 469 Mass. 652, 672-673, 15 N.E.3d 708 (2014). In both cases, we looked to indications of timeliness based on the circumstances presented in each case. For example, in Wall, the defendant's claim was untimely not merely because he did not raise it at trial (when he was unaware of the exclusion), but because he also failed to raise the claim until his second motion for a new trial, filed "almost four years after he filed his first ... and over seven years after his conviction." Wall, supra at 672, 15 N.E.3d 708. Importantly, we did not say that the objection needed to be contemporaneous with the error.
In Jackson, 471 Mass. at 269, 28 N.E.3d 437, relying on Wall, we concluded that although neither the defendant nor his counsel knew of the court room closure at the time of trial, the defendant's public trial claim was untimely where he did not raise the issue until four years after his convictions in a second motion for a new trial. Here again, we did not hold that the objection had to be contemporaneous in order to be timely where the defendant had no actual or constructive knowledge of the closure. See ibr.US_Case_Law.Schema.Case_Body:v1">id. See also Commonwealth v. Celester, 473 Mass. 553, 560, 578, 45 N.E.3d 539 (2016) (claim procedurally waived when defendant first raised public trial claim eighteen years after trial).
It is true that, thus far, we have not deemed timely a closed court room claim brought posttrial where the defendant was unaware of the error at trial. However, we so concluded only after a review of the circumstances in each case. See Jackson, 471 Mass. at 269, 28 N.E.3d 437 ; Wall, 469 Mass. at 673, 15 N.E.3d 708. Rather than holding that the defendants' claims were untimely because they failed to make a contemporaneous objection at trial, we concluded that, on the facts presented, the claims were waived because the defendant in each case waited so long between the violation of his public trial right and bringing the claim to the attention of a court that it would be unreasonable to believe that he could not have discovered the violation earlier with the exercise of due diligence. See Reporters' Notes to Rule 30 (c) (2), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1775 (LexisNexis 2016)
**159 (rule of waiver "not intended to foreclose from future consideration grounds which were not known and could not have been found out with the exercise of due diligence" [emphasis added] ). Cf. Commonwealth v. Grace, 397 Mass. 303, 308-309, 491 N.E.2d 246 (1986) (question is "whether the defendant met his burden of showing that reasonable diligence would not have produced" testimony of allegedly newly discovered witnesses at earlier time).
Today, the court takes the holdings of Wall and Jackson a significant step further and, for the first time, equates a timely objection[6] with a contemporaneous one, "including where counsel was unaware of *368 the court room closure." Ante at ----, 102 N.E.3d at 361. This goes further than I believe is necessary or prudent, see, e.g., SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 330, 85 N.E.3d 50 (2017) ("it is canonical that courts should, where possible, avoid unnecessary constitutional decisions"), and is inconsistent with rule 22. The rules of a court have the force of law and are as binding on a court as are statutes. Commonwealth v. Brown, 395 Mass. 604, 606, 481 N.E.2d 469 (1985) ("Requiring courts to abide by their own rules is supported by the fundamental principle of justice that the law must treat persons similarly situated uniformly").
3. Due process concerns. In addition, I believe that the court's ruling is inconsistent with minimum standards of due process. "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' " Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), quoting Baldwin v. Hale, 1 Wall. 223, 233, 68 U.S. 223, 17 L.Ed. 531 (1863).
The court focuses on the fact that where, as here, a court officer acted alone and without notice to the judge or the parties, the judge is at a disadvantage because he or she did not have an opportunity to correct the error at the time it occurred. However, the more troubling issue is that a defendant, who has no opportunity to bring the closure to the court's attention, suffers the consequences of the error. Today's ruling has the effect of barring defendants from asserting their constitutional rights in a timely way through no fault of their own.[7]
**160 4. The instant case. In this case, the defendant waited nearly fourteen years between the initial trial and bringing the court room closure to the attention of a court. Although the motion judge found that neither he nor his counsel had notice of the closure at the time of trial, we must presume that the defendant had the opportunity to discover this claim and bring it to a court's attention in a more timely fashion with the exercise of reasonable diligence. Even considering the lack of knowledge of the court room closure at the time of trial, I do not consider a nearly fourteen-year span a "timely assertion of the right." Puckett, 556 U.S. at 134, 129 S.Ct. 1423, quoting Yakus, 321 U.S. at 444, 64 S.Ct. 660. See Jackson, 471 Mass. at 269, 28 N.E.3d 437, quoting Wall, 469 Mass. at 672, 15 N.E.3d 708 (requiring "timely objection" to error).
Therefore, I would conclude that the defendant has forfeited his public jury trial claim, but would leave for another day what might constitute a timely objection.[8]

The motion judge heard and received testimonial evidence regarding whether the defendant or his counsel waived any objection to court room closure. The motion judge credited defense counsel's testimony that if he knew that the defendant's family members had been barred from the court room during jury selection in this case, he would have asked that they be admitted, but probably would not have made an objection. The court's opinion does not rest on defense counsel's testimony that he would not have objected at trial had he known about the court room closure, and I assume without deciding that his later testimony has no legal significance.

The court places great emphasis on a footnote in Commonwealth v. Kolenovic, 478 Mass. 189, 203 n.13, 84 N.E.3d 781 (2017), where we said that "the important distinction is not whether the claim was made in the direct appeal or in the motion for new trial, but rather whether the court room closure issue was preserved at trial." However, in that case, defense counsel was aware of the court room closure at trial. See id. at 203 n.14, 84 N.E.3d 781.

The court cites Weaver for the notion that a "contemporaneous objection is indispensable for purposes of preserving the claimed error on appeal because when the alleged error is raised contemporaneously with the closure, 'the trial court can either order the court room opened or explain the reasons for keeping it closed.' " Ante at ---- , 102 N.E.3d at 361, quoting Weaver v. Massachusetts, --- U.S. ----, 137 S.Ct. 1899, 1912, 198 L.Ed.2d 420 (2017). However, the United States Supreme Court makes clear that there defense counsel was aware of the closure: "In this case petitioner's mother told defense counsel about the closure at some point during jury selection. But counsel 'believed that a courtroom closure for [jury selection] was constitutional.' ... As a result, he 'did not discuss the matter' with petitioner, or tell him 'that his right to a public trial included the [jury voir dire],' or object to the closure." Id. at 1906.

One hundred eighty-five years ago, this court explained how a defendant must have actual or constructive knowledge of the error in order for the defendant to be able to waive a claim of error by not objecting: "[I]f the ground of exception is known and not seasonably taken, by implication of law, it is waived" (emphasis added). Cady v. Norton, 14 Pick. 236, 237, 31 Mass. 236 (1833).

It is unclear from the facts of a third case, Commonwealth v. Celester, 473 Mass. 553, 560, 45 N.E.3d 539 (2016), whether defense counsel had actual or constructive notice of the court room closure.

A more fitting articulation of the question might be, as the Supreme Court has said, whether the defendant has made a "timely assertion of the right before a tribunal having jurisdiction to determine it." Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), quoting Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

In addition, there are important constitutional and policy reasons to ensure that a judge is, in fact, aware of, and in control of, what takes place in his or her court room. Consider, for example, Riley v. Deeds, 56 F.3d 1117, 1121 (9th Cir. 1995). In that case, a jury requested that a certain witness's testimony be reread. Id. at 1119. The trial court judge could not be located, and in his absence, a law clerk convened the court. Id. On appeal, the court considered the implications of the law clerk's actions, which were independent and in absence of the judge. Id. at 1121. Where there is an "abdication of judicial control over the process ... there [is] no opportunity to make any meaningful objection." Id. In the same manner, when an agent of the court, a court officer, makes a decision independent of the judge to close a court room without actual or constructive notice to defense counsel (and the judge), "there is a breakdown in the construct of the trial," ibr.US_Case_Law.Schema.Case_Body:v1">id. at 1120, in a manner where we cannot say the defendant "acquiesced." See Commonwealth v. Alphas, 430 Mass. 8, 24, 712 N.E.2d 575 (1999) (Fried, J., concurring).

A determination whether a claim under the Sixth Amendment to the United States Constitution that was raised after the trial because the defendant was unaware of the closure at the time of trial was timely brought would depend upon a review of the circumstances of the closure, including whether the defendant or counsel should have known of the closure, the length of time between the trial and when the claim was brought, and when and how the closure was discovered, among other factors.