The defendant appeals from an order revoking his probation for violating a special condition prohibiting electronic contact with individuals under the age of sixteen.[2] The defendant claims that the finding of a probation violation was impermissibly premised on unsworn testimony and unreliable hearsay evidence of his activity on Facebook. We vacate the order.
Background. The defendant was convicted of two counts of indecent assault and battery on a child under fourteen years of age in violation of G. L. c. 265, § 13B.[3] He was placed on probation for a period of three years.[4] The sentencing judge imposed several conditions of probation, including the condition that the defendant have no intentional electronic contact with anyone under sixteen years of age.
Three months later, the probation department reported that the defendant had "friended" individuals under age sixteen through the social media platform of Facebook, in violation of the terms of his probation. There was a hearing at which testimony was taken. There is no record that any of the witnesses were sworn. The judge found that the defendant had intentionally violated the terms of his probation "by means of friending through Facebook."
At the hearing a central issue was the timing of the friend request. The defendant did not contest that his Facebook page, and those of the two juveniles under the age of sixteen, revealed that they were Facebook friends. He did argue, however, that he had 2,000 friends, and could not be held responsible for violating his probation if he had become Facebook friends with the two juveniles before the conditions of probation were imposed. The judge closely questioned the probation officer and one witness regarding when the friend requests were made. There was no evidence as to when the friend request was made, or by whom, or when the request was accepted. The school resource officer testified that he did not know how to retrieve that information.
After a brief recess, the probation officer informed the judge that she had new information regarding the date of creation of one of the juvenile's Facebook pages. The information was found using the school resource officer's cellular telephone (cell phone), which reportedly showed that the juvenile's account was created after the conditions of probation were imposed. Over the defendant's objection, the judge found that the hearsay was reliable because it was consistent with the other facts, and revoked the defendant's probation.[5]
Discussion. In general, "a witness must swear or affirm, or the witness may not testify." Commonwealth v. Stewart, 454 Mass. 527, 531 (2009). See G. L. c. 233, §§ 15 - 19 ; Mass. G. Evid. § 603 (2018). The omission of the oath here appears to have been inadvertent. The defendant raised no objection, however, and the judge had no opportunity to correct the defect. See Cady v. Norton, 14 Pick. 236, 237 (1833). Under these circumstances, the oath was waived, and we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Pickering, 479 Mass. 589, 596 (2018) (applying substantial risk standard in probation revocation proceedings). Compare generally Commonwealth v. Robinson, 480 Mass. 146 (2018) (failure to object to court room closure constitutes procedural waiver). We need not decide, however, whether a substantial risk of a miscarriage of justice occurred, because the probation revocation must be vacated for independent reasons.
The defendant claims that his probation should not have been revoked solely on the basis of hearsay evidence gleaned from Facebook. The Commonwealth may meet its burden of proving a violation of probation on the basis of hearsay that has substantial indicia of reliability. See Commonwealth v. Hartfield, 474 Mass. 474, 482 (2016) ; Commonwealth v. Durling, 407 Mass. 108, 118 (1990) ; Rule 6(b) of the District Court Rules for Probation Violation Proceedings.[6] We review the judge's decision to revoke probation for an abuse of discretion. Commonwealth v. Bukin, 467 Mass. 516, 520-521 (2014).
The central issue at the probation revocation hearing was whether the friend requests were made and received before or after the conditions of probation were imposed. The only evidence that showed when the defendant "friended" the juveniles was the probation officer's report of what appeared on a Facebook page on the school resource officer's cell phone. Passing on the admissibility of the other Facebook pages that were offered at the hearing, without objection, see Commonwealth v. Purdy, 459 Mass. 442, 447 (2011) ; Commonwealth v. Amaral, 78 Mass. App. Ct. 671, 674 (2011), the evidence of the date of the creation of the juvenile's Facebook account, to which there was objection, was hearsay that lacked the indicia of reliability.
The probation officer's representation was based on multilevel hearsay. The Facebook page was not in evidence. There was no offer of proof as to what the page purporting to show the account creation date actually reflected. Neither the probation officer nor the school resource officer had any first-hand knowledge of how or when the Facebook account was created. The school resource officer had not spoken to the juvenile.
Assuming without deciding that the evidence was sufficient to show that the juvenile created the account, see ibr.US_Case_Law.Schema.Case_Body:v1">id., there is no evidence which explains how the date appeared on the page, what it meant, whether the date reported to be on the page reflected the first date on which the account was created or some other date, from what source the information was derived, or the reliability of the process used to populate the date on the page. Unlike, for example, a police report fixing the date and time a telephone call was made to the police station, see Commonwealth v. Sellon, 380 Mass. 220, 230 & n.15 (1980), there was nothing before the judge from any source that would permit him to conclude that the date reported to be on the Facebook page was accurately recorded in the ordinary course, and accurately represented the date the account was created by the juvenile, even under the relaxed evidentiary standards applicable in probation revocation proceedings. In these circumstances, where there was no reliable evidence that the electronic communication occurred during the probationary term, revocation of probation on the basis of that communication was an abuse of discretion.
Order revoking probation vacated.

There was some dispute at the hearing whether the operative age was sixteen or eighteen, but the hearing proceeded on the basis that the age was sixteen.

The convictions were affirmed on direct appeal. Commonwealth v. Dembowski, 90 Mass. App. Ct. 1122 (2016).

The defendant was sentenced to a term of two and one-half years in the house of correction, with one year to serve and the balance suspended for three years, and a concurrent term of probation for three years with several conditions, including no intentional physical, auditory, or electronic contact with any person under the age of sixteen.

The Facebook page was not put in evidence. There is no indication on the record that the judge saw the Facebook page on the cell phone.

Even where hearsay is not admissible under standard evidentiary rules, it may nevertheless be admissible in a revocation hearing if the hearing judge makes a determination that it is reliable. Commonwealth v. Patton, 458 Mass. 119, 132-133 (2010). Substantial indicia of reliability include: "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity." Hartfield, 474 Mass. at 484.