NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-607

COMMONWEALTH

vs.

CAAUY PA.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of indecent assault and battery.  On appeal the defendant argues that the clerk's recitation of the contents of the complaint, which included information that the complaint was signed and sworn to by a police officer, conveyed prejudicial extraneous information to the jury.  We affirm.

In January 2023 the victim attended his father's five-day funeral service at a Buddhist temple in Lowell.  The defendant was a coordinator at the temple, and the victim saw him throughout the first day of the service.  That night, the victim

---

[1] As is our custom, we spell the defendant's name as it appears in the complaint.

slept in the temple.  Early the next morning, as the victim was putting blankets away in a closet, the defendant came up behind him, hugged him, and kissed him on the cheek.  The defendant had one arm wrapped around the victim's waist and was "whispering some things in Cambodian."  Before the victim could pull away, the defendant reached down and touched the victim's genitals.

At trial the Commonwealth presented its case solely through the testimony of the victim.  Before the victim testified, the clerk recited the contents of the complaint to the jury.  Specifically, the clerk conveyed to the jury the following information:  the docket number of the case; the defendant's name and address; the date of the offense; that the offense occurred in Lowell; the nature of the charge; and that "[t]he complaint was signed by Sergeant Boyle of the Lowell Police Department, sworn to before Assistant Clerk Magistrate Janelle Amadon on February 7th, 2023."

On appeal the defendant argues that this last statement was extraneous information that prejudiced the jury because it suggested that a police sergeant and an assistant clerk magistrate had corroborated the victim's allegations.  Because the defendant raised no objection at trial, we review only to determine whether any error created a substantial risk of a

2

miscarriage of justice.[2]  We discern no such risk.  Although it would have been better had the clerk omitted the references to the police sergeant and the assistant clerk magistrate, we do not have a "serious doubt" that the reading of the complaint affected the verdict in light of the judge's instructions to the jury.  Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).  In his final charge, the judge instructed the jury that "[s]ome things occur during a trial that's not evidence, and you may not consider them as evidence in deciding the facts of this case."  The judge then specifically instructed that "[t]he complaint that was read by the clerk is not evidence."  The judge reiterated that the complaint was not evidence later in the charge, stating:  "The complaint that the clerk read against the defendant is only an accusation.  It is not evidence.  The defendant has denied that he is guilty of the charge against him."  In addition, the judge instructed that "[t]he evidence

---

[2] Citing Commonwealth v. Kincaid, 444 Mass. 381, 386 (2005), the defendant argues that we must review to determine whether the Commonwealth met its burden of proving beyond a reasonable doubt that the extraneous information was not prejudicial.  We disagree.  The Commonwealth has that burden when a defendant raises a claim of extraneous influence to the judge, and the judge makes a finding that the jury were in fact exposed to the extraneous information.  See id.  Where, as here, the defendant fails to make a timely objection, the claim is procedurally waived, and our review is for a substantial risk of a miscarriage of justice.  See Commonwealth v. Robinson, 480 Mass. 146, 150, 154 (2018).

3

consists of the testimony of the witness," that "[t]here is no other evidence," and that the jury had to base their verdict solely on the witness's testimony.  Given these instructions, which we presume the jury followed, we discern no substantial risk that the jury considered the complaint as evidence in reaching their verdict.  See Commonwealth v. Silva, 93 Mass. App. Ct. 609, 615 (2018).

The defendant's reliance on Commonwealth v. Johnson, 43 Mass. App. Ct. 509 (1997), is unavailing.  As an initial matter, the question in Johnson was whether the judge erred by allowing the jury to see the indictment during their deliberations, even though "there had been a formal reading of the indictment . . . at the outset of the trial."  Id. at 513.  The reading of the indictment was not at issue.  Moreover, with respect to providing the indictment, we acknowledged that "[i]t has long been the practice in this Commonwealth . . . that whether a jury will be allowed to take the indictment with them into their deliberations is a matter within the trial judge's discretion."  Id.  While we went on to conclude that the judge abused his discretion by providing the indictment, this was only because it was clear from the circumstances that the jury asked to see the indictment for reasons that "were of no legal significance and were inappropriate considerations," namely, to speculate about

4

the possible causes for the delay between the victim's complaint and the trial.  Id. at 514.

Here, unlike in Johnson, the clerk merely read the complaint at the start of trial, and there is nothing in the record to suggest that the jury relied on the complaint for improper purposes.  Further unlike in Johnson, we have no reason to believe that the jury failed to follow the judge's instructions that the complaint was only an accusation, not evidence, and that they were to base their verdict solely on the witness's testimony.  Cf. Johnson, 43 Mass. App. Ct. at 515.  Accordingly, where the judge gave "appropriate instructions concerning [the complaint's] lack of probative significance," id. at 513, we conclude that the clerk's reading of the complaint did not give rise to a substantial risk of a miscarriage of justice.

Judgment affirmed.

By the Court (Meade, Shin & Tan, JJ.[3]),

Clerk

Entered: May 23, 2025.

---

[3] The panelists are listed in order of seniority.

5